MITCHELL STORE BUILDING COMPANY *v.* CARROLL, TRUSTEE IN BANKRUPTCY OF HERMAN KECK MANUFACTURING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 212.   Argued January 28, 1914.—Decided February 24, 1914.

Section 24a of the Bankruptcy Act provides for appeals in controversies arising in bankruptcy proceedings and controls a proceeding brought by the trustee to restrain a landlord from prosecuting a suit for rent in the state court. In such a case the appeal takes the course prescribed in the Circuit Court of Appeals Act of 1891.

Although a case taken to the Circuit Court of Appeals under § 7 of the act of 1891 is not one of the class made final by § 6 of that act, the jurisdiction of this court under § 6 relates solely to final orders of the District Court reviewed by the Circuit Court of Appeals.

An interlocutory decree of the District Court granting a temporary injunction against prosecuting a suit in the state court, is not a final order, and from the judgment of the Circuit Court of Appeals affirming it there is no appeal to this court.

This court cannot entertain an appeal from a judgment of the Circuit Court of Appeals upon a petition to revise under § 24b of the Bankruptcy Act.

Appeal from 193 Fed. Rep. 616, dismissed.

THE facts, which involve the jurisdiction of this court of appeals in controversies arising in bankruptcy proceedings, are stated in the opinion.

*Mr. P. Lincoln Mitchell* and *Mr. Walter A. DeCamp* for appellant.

*Mr. Joseph S. Graydon,* with whom *Mr. Joseph L. Lackner* and *Mr. Lawrence Maxwell* were on the brief, for appellee.

MR. JUSTICE DAY delivered the memorandum opinion of the court.

An involuntary petition in bankruptcy was filed against The Keck Manufacturing Company on February 8, 1909, in the District Court of the United States for the Southern District of Ohio, and it was later adjudicated a bankrupt. Upon application a receiver was appointed for the Duhme Jewelry Company, an adjunct of The Keck Manufacturing Company, all of the stock of the former being owned by the latter company, and subsequently the receiver, in pursuance of an order of the court, transferred all the property and assets of The Duhme Jewelry Company to the trustee of the bankrupt, by him to be kept under separate account.

The Mitchell Store Building Company had leased certain premises to The Duhme Jewelry Company, which on June 30, 1910, the rent being paid to that time, the latter company vacated, although the lease had not yet expired. The Mitchell Store Building Company brought suit against The Duhme Jewelry Company in the Common Pleas Court of Hamilton County, Ohio, to recover under the lease, also applying to the District Court for an order on the trustee to withhold sufficient in amount of the assets of The Duhme Jewelry Company to satisfy its claim, which was eventually refused by the referee and is now before the District Judge upon petition for review.

Upon the petition of the trustee The Mitchell Store Building Company was made a party to the bankruptcy proceeding, in the District Court, and later the trustee

sought to restrain that company from prosecuting its suit in the state court. The District Judge granted a temporary injunction and upon appeal the Circuit Court of Appeals affirmed the order of the District Court. There was also a petition to review the order of the District Court granting the temporary injunction, but that was not passed upon by the Circuit Court of Appeals. The case was then brought to this court by appeal, the petition for appeal stating that "this cause is one in which the United States Circuit Court of Appeals for the Sixth Circuit has not final jurisdiction, and that it is a proper cause to be reviewed by the Supreme Court of the United States on appeal."

The jurisdiction of the appellate courts of the United States, including this court, under the Bankruptcy Act, is regulated by §§ 24 and 25 of that act. Under the latter section appeals may be taken in certain cases from the District Court to the Circuit Court of Appeals, and, under certain limitations, appeals may be allowed from the latter court to this court, from final decisions of the Circuit Court of Appeals allowing or rejecting claims. This case does not come within § 25. Section 24a provides for appeals in controversies arising in bankruptcy proceedings and controls the present case. In such cases the appeal takes the course prescribed in the Circuit Court of Appeals Act (act of March 3, 1891, c. 517, 26 Stat. 826, 828). See *Hewit* v. *Berlin Machine Works,* 194 U. S. 296; *Coder* v. *Arts,* 213 U. S. 223.

It is undertaken to sue out the appeal in this case from the Circuit Court of Appeals under § 6 of the Circuit Court of Appeals Act, as the petition for allowance of appeal shows; while the appeal to the Circuit Court of Appeals was under § 7 of that act, as amended (act of June 6, 1900, c. 803, 31 Stat. 660), providing for an appeal from an interlocutory order of a District or Circuit Court, granting an injunction, to the Circuit Court of Appeals

in a cause in which an appeal from a final decree might have been taken under the act. No provision is made in this section, or in any other, for a further appeal, concerning such interlocutory orders, to this court.

Section 6 regulates appeals from the Circuit Court of Appeals to this court, providing that cases not made final by that section shall be entitled to review in this court. While this case, taken to the Circuit of Appeals under § 7, is not one of the class made final in that court by § 6, it is well settled that this court's jurisdiction under § 6 relates solely to final orders of the District Court reviewed by the Circuit Court of Appeals. The decree in the District Court being an interlocutory order granting a temporary injunction, and the Circuit Court of Appeals simply affirming that order, it is not a proper case for appeal to this court. *Kirwan* v. *Murphy,* 170 U. S. 205.

If this case were treated as an appeal from the judgment of the Circuit of Court Appeals, upon a petition to revise under § 24b of the Bankruptcy Act, this court would not entertain the appeal. *Holden* v. *Stratton,* 191 U. S. 115.

It follows that the appeal

*Must be dismissed. The petition for a writ of certiorari filed in this cause is denied.*