BOTHWELL v. FITZGERALD et al.

In re AMERICAN FALLS CANAL & POWER CO.

(Circuit Court of Appeals, Ninth Circuit.   January 4, 1915.)

No. 2431.

1. BANKRUPTCY ☞440—MODE OF REVIEW.
  The methods of revision prescribed by Bankr. Act July 1, 1898, c. 541,
  § 24a, 30 Stat. 553 (Comp. St. 1913, § 9608), by appeal, and section 24b,
  by petition for review, are exclusive of each other.
  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec.
  Dig. ☞440.
  Appeal and review in bankruptcy cases, see note to In re Eggert, 43
  C. C. A. 9.]

2. BANKRUPTCY ☞440—REVIEW—ORDER DISSOLVING INJUNCTION—"CONTRO-
  VERSY ARISING IN BANKRUPTCY PROCEEDINGS."
  An order dissolving a temporary injunction restraining the maintenance
  of proceedings, in the state court, for the appointment of a receiver to re-
  construct certain irrigation works started by the bankrupt, was a "con-
  troversy arising in bankruptcy proceedings," reviewable by appeal, as
  provided by Bankr. Act, § 24a, and not by petition for revision, under
  section 24b.
  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec.
  Dig. ☞440.
  For other definitions, see Words and Phrases, Second Series, Contro-
  versy Arising in Bankruptcy Proceedings.]

3. COURTS ☞356—FEDERAL PRACTICE—APPEAL—INTERLOCUTORY ORDERS.
  Appeals from orders or decrees not final are limited by Judicial Code
  (Act March 3, 1911, c. 231), §§ 128, 129, 36 Stat. 1133, 1134 (Comp. St.
  1913, §§ 1120, 1121), to orders or decrees granting, continuing, refusing,
  dissolving, or refusing to dissolve interlocutory injunctions.
  [Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig.
  ☞356.]

4. APPEAL AND ERROR ☞874—GRANTING OR REFUSING PRELIMINARY INJUNC-
  TION—REVIEW.
  The rule that the granting or refusing of a preliminary injunction ordi-
  narily rests in the sound discretion of the trial court, and that a review
  by an appellate court is limited to whether there has been an abuse of
  discretion in granting the right, does not apply to an appeal from an
  order dissolving a preliminary injunction, in which case the appellate
  court is not limited to the question of abuse of discretion, but may in-
  quire concerning all the circumstances connected with the proceedings
  as they appear of record and the effect the dissolution may have on the
  rights of the parties.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3478,
  3480, 3481, 3484, 3530–3540; Dec. Dig. ☞874.]

5. BANKRUPTCY ☞391 — COURTS — JURISDICTION — PROCEEDINGS IN STATE
  COURT—INJUNCTION.
  Since the Bankruptcy Act and the jurisdiction of the federal courts in
  bankruptcy, when properly invoked, is paramount in the administration
  of the affairs of bankrupts, and is essentially exclusive, bankruptcy pro-
  ceedings having been instituted against an irrigation company, it was er-
  ror for the federal court to dissolve a preliminary injunction restraining
  proceedings by creditors of the bankrupt in the state court, for the ap-
  pointment of a receiver, to reconstruct a portion of the irrigation com-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pany's works with money to be collected from contract holders, which was claimed by the trustee to constitute assets of the bankrupt's estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. ☞391.]

Appeal from the District Court of the United States for the District of Idaho, and Petition for Revision under Section 24b, Bankr. Act July 1, 1898; Frank S. Dietrich, Judge.

In the matter of bankruptcy proceedings of the American Falls Canal & Power Company. Petition by Glenn R. Bothwell as bankrupt's trustee to restrain T. E. Fitzgerald and another from maintaining proceedings in the state court for the appointment of a receiver, with authority to reconstruct a portion of a bankrupt's irrigation system, in order to afford water to the complainants' premises. From so much of an order as dissolved a temporary injunction against the proceedings in the state court, the trustee appeals, and also files a petition for review. Order dissolving injunction reversed, and petition for revision dismissed.

On the 3d day of February, 1901, the state of Idaho entered into a contract with the American Falls Canal & Power Company, a public service corporation of the state of Utah, by the terms of which the canal company agreed to construct a canal and irrigating system from a point on the west bank of the Snake river, into and through certain counties in the state of Idaho, according to certain specifications embodied in the contract, for the irrigation of certain lands which had been segregated by the state of Idaho under and by virtue of the provisions of the act of Congress of August 18, 1894, 28 Stat. 422, c. 301, § 4 (Comp. St. 1913, § 4685), known as and designated the "Carey Act." T. E. Fitzgerald and W. A. West were the owners of certain lands included within the area to be irrigated by the irrigating system of the canal company, and as such owners were also the owners of certain shares of perpetual water right out of the waters appropriated by the Canal Company for its irrigating project.

On March 22, 1913, Fitzgerald and West filed suits in the district court of the Fifth judicial district of the state of Idaho for the recovery of damages alleged to have been sustained by them through loss of crops by reason of the failure of the canal company to supply their lands with water pursuant to the contract for the delivery of such water between each of the plaintiffs and the canal company. It was claimed in these suits that the failure of the canal company to deliver water to each of the plaintiffs therein was caused by the fact that a certain branch or lateral of the canal company, known as "Lateral No. 33," had been defectively constructed and maintained, in violation of the agreement between the parties. On September 17, 1913, a judgment was rendered in the action of Fitzgerald against the canal company for the sum of $2,715. Subsequently a judgment by confession was rendered in the suit of West against the canal company in favor of the plaintiff therein for the sum of $2,715.

On February 24, 1914, the American Falls Canal & Power Company filed its voluntary petition in bankruptcy in the United States District Court for the District of Utah, and on February 27, 1914, that court entered its order adjudging the company a bankrupt. The judgment for $2,715 obtained by Fitzgerald in his suit against the canal company was listed by the bankrupt in its schedules as a claim against the bankrupt. The judgment by confession for $2,715 obtained by West in his suit against the canal company was not so listed. On March 16, 1914, the appellant herein, Glenn R. Bothwell, was appointed trustee of the bankrupt estate.

On April 6, 1914, Fitzgerald and West filed a complaint against the American Falls Canal & Power Company in the district court of the Fifth judicial

district of the state of Idaho, in and for Power county, wherein they alleged that the canal company after its organization had proceeded to construct and build its canal and irrigating system, but that the same never had been constructed or completed, s'o as to carry and deliver water for the irrigation of the lands of the plaintiffs; that sufficient water was not available under the irrigating works of the canal company to furnish the water right holders under the system who were to take their water from lateral No. 33 with sufficient water to properly irrigate their lands, and that the plaintiffs were suffering great damage and loss by reason of the destruction of their crops and trees planted on their lands, by reason of their failure to receive water and to have lateral No. 33 completed. The plaintiffs further alleged that the canal company was insolvent in law and in fact, and was unable to pay its debts or meet its current obligations as they became due, and was without means to complete its system, and especially lateral No. 33, so as to deliver water to the plaintiffs' lands. It was further alleged that there were certain deferred payments due and owing from various water right holders to the canal company, and that the plaintiffs were entitled to have such deferred payments collected and applied toward the completion of lateral No. 33. The plaintiffs therefore asked that some competent and proper person be appointed by the court, as receiver of the canal company, with power to complete its irrigating system, and with full power to collect sufficient moneys due and owing, or to become due and owing, to the canal company, from the holders of water rights, and to expend so much of the moneys so collected as should be necessary. to complete the irrigating system of the canal company, and especially lateral No. 33, so that the plaintiffs might be supplied with the amount of water to which they were entitled under their agreements with the canal company. On the date of the filing by Fitzgerald and West of their complaint for the appointment of a receiver, the state court issued an order to show cause why a receiver should not be appointed pursuant to the prayer of the bill, with full power to complete the canal and irrigating system of the canal company, and especially lateral No. 33 thereof.

On April 11, 1914, the appellant herein, as trustee of the bankrupt canal company, filed a petition in the United States District Court for the District of Idaho, setting forth the bankruptcy proceedings then pending in the United States District Court for the District of Utah, and also setting forth the fact that suit had been brought in the state court of Idaho by Fitzgerald and West, against the canal company, for the appointment of a receiver, for the purposes set forth in the complaint in that suit. The petitioning trustee further alleged that Fitzgerald and West were by their suit in the state court attempting to secure preferences and advantages over other creditors of. the bankrupt corporation, and were also seeking to compel the application and use of the assets of the estate to their own special benefit and advantage, and that it would be advisory and to the advantage of the estate that some suitable person be appointed ancillary trustee by the United States court, to act for and in connection with the petitioner in the administration of the estate. The trustee asked for an order to show cause against Fitzgerald and West, and their attorneys, why they should not be permanently enjoined from instituting or prosecuting any proceeding in the state court of Idaho against the trustee, or the bankrupt canal company, and that upon final hearing of such order the court designate and appoint some proper and suitable person as ancillary trustee in bankruptcy of the canal company.

On April 13, 1914, the United States District Court for the District of Idaho issued an order to show cause against Fitzgerald and West and their attorneys, and thereafter, and on April 17, 1914, Fitzgerald and West, through their attorneys, in response to the order to show cause filed their answer, wherein they admitted that they had commenced an action in the state court of Idaho against the canal company with the object of securing the appointment of a receiver to complete lateral No. 33 of the canal system of ·the bankrupt corporation, and to have the receiver authorized and directed to collect certain deferred payments from the water right holders in an amount sufficient for that purpose. They denied that the application of these de-

ferred payments to the completion of the lateral would in any wise damage the creditors of the bankrupt estate, and, among other things, alleged that the deferred payments to the amount necessary to complete lateral No. 33 were not properly assets of the bankrupt estate. They therefore asked that no restraining order be made as prayed for in the petition filed by the trustee in bankruptcy, but that, if the court concluded that the deferred payments were assets of the estate and should be under the control of an ancillary trustee to be appointed by the court, then that the court treat their complaint filed in the Idaho state court as their petition for the appointment of such trustee, and that the relief prayed for therein be granted by the District Court for the District of Idaho, and that the ancillary trustee appointed by that court be directed to complete lateral No. 33, and that he be authorized to collect the deferred payments for that purpose. A hearing was had before the court below upon the petition for the order to show cause, the order to show cause, and the answer thereto, and on April 17, 1914, that court made and entered the following order:

"* * * It appearing to the court that said bankrupt was possessed of property located within the state of Idaho and that the legal title and possession of said property was in the trustee prior to the institution of said proceeding (the proceeding by Fitzgerald and West in the Idaho state court); and it further appearing that it is the duty of the said trustee in bankruptcy to apply to the referee in bankruptcy for authority to reconstruct and rebuild a certain lateral conveying water from American Falls Canal & Power Company system to the lands of said T. E. Fitzgerald and W. A. West, commonly known as Lateral No. 33, so as to properly irrigate said lands:

"It is ordered that said T. E. Fitzgerald and W. A. West be and they are hereby enjoined and restrained from proceeding further in said action in the district court of the Fifth judicial district of the state of Idaho, in and for Power county, wherein the said T. E. Fitzgerald and W. A. West are plaintiffs, until further order of this court; and

"It is further ordered that the said Glenn R. Bothwell, as trustee in the matter of the bankruptcy of the American Falls Canal & Power Company, make application at once for authority from the said bankruptcy court within the District of Utah, to reconstruct and rebuild said lateral No. 33 in such manner as to convey water from the main canal of the American Falls Canal & Power Company system to the lands owned by the said T. E. Fitzgerald and W. A. West for the proper irrigation of said lands, pursuant to the contracts attached to complaint in said action and to the petition herein as Exhibit B, the expense of such reconstruction work to be paid as directed by said bankruptcy court; and

"It is further ordered that the said Glenn R. Bothwell, as such trustee, report to this court his proceedings in the matter on the 5th day of May, 1914, at the hour of 10 o'clock a. m."

Pursuant to the above order, and on May 2, 1914, the appellant herein, as trustee of the bankrupt estate, presented to the judge of the United States District Court for the District of Utah a petition for the determination and adjudication of the controversy between Fitzgerald and West and the American Falls Canal & Power Company. In this petition there were set forth all of the proceedings in the matter of the bankruptcy, the suit instituted by Fitzgerald and West in the state court of Idaho for the appointment of a receiver, and all proceedings therein, the issuance of the restraining order by the District Court for the District of Idaho, and the order of that court above set forth. Referring to that order, the petitioner alleged "that in and by said order so made by the United States District Court for the District of Idaho, the court directed and provided that proceedings and controversies in respect to the construction of said lateral No. 33 should be carried on and determined by the United States District Court for the District of Utah as a court of bankruptcy, and directed your petitioner to file in said United States District Court for the District of Utah a petition suggesting the situation, and providing for such repairs, alterations, and changes as this court might determine with respect to said lateral No. 33."

A copy of the order of the District Court for the District of Idaho was annexed as an exhibit to the petition. The petitioner prayed as follows:

"That the court determine and adjudicate all controversies with respect to the matters in the foregoing petition set forth. That the court adjudge and decree the claims of the said W. A. West, Mary A. Fitzgerald, and T. E. Fitzgerald wholly invalid, and that upon final hearing the said parties be restrained and enjoined from making any claim adverse to the rights of your petitioner, as such trustee in bankruptcy, and from in any manner interfering with the estate of said bankrupt, and that in the meantime and pending such final hearing, the said W. A. West, Mary A. Fitzgerald, and T. E. Fitzgerald be enjoined and restrained from in any manner interfering with the estate of said bankrupt or the possession or administration thereof by your petitioner.

"That if the court should determine it proper and within the power of your petitioner, as such trustee in bankruptcy, so to do, authority be given to your petitioner to reconstruct said lateral No. 33, as suggested in the order made by said United States District Court for the District of Idaho, and for that purpose that the court determine the nature and extent and the amount of money to be expended for such construction work, and that the court determine at whose expense and in what manner such work should be done.

"That in the event the court shall determine that any of the claims of the said W. A. West, Mary A. Fitzgerald, and T. E. Fitzgerald are defensive to the equity of your petitioner in and to said contracts, or are defenses at all under said contracts, that the equity and right of your petitioner in and to said contracts be converted into cash, that said equity be sold free and clear of all defenses, and that the said W. A. West, Mary A. Fitzgerald, and T. E. Fitzgerald be required to resort to the funds so obtained for the satisfaction of said claims."

On May 4, 1914, pursuant to the order of April 17, 1914, of the District Court for the District of Idaho, the trustee presented to that court his report, wherein he stated that immediately after the entry of the order of April 17, 1914, "wherein he was required to make application to the District Court of the United States for the District of Utah for instructions respecting lateral No. 33 of the American Falls Canal," he proceeded to secure such information as he deemed necessary to fully present the matter to the Utah court, and thereafter he had presented the matter to the judge of that court, in chambers, and he was there informed that the court would not be able to hear the matter until May 2, 1914; that subsequently the petitioner had again called on the judge of the Utah court, and was again informed that the matter could not be heard until May 2, 1914; that on the latter date the petition of the trustee for the determination of the controversy between Fitzgerald and West and the Canal Company had been presented to the judge of the Utah court, and the matter fully explained to him, and it was at that time taken under advisement. The petitioner further reported that by the petition and the exhibits thereto attached the entire controversy had been fully and fairly presented to the Utah court for a full and proper determination of the controversy. The report of the trustee was presented to the judge of the court below, in chambers, in the presence of counsel for the respective parties, and thereupon, after hearing, the following order was entered by the judge of that court:

"The court having heretofore, to wit, on April 17, 1914, made an order temporarily restraining T. E. Fitzgerald and W. A. West from taking certain proceedings in the district court of the Fifth judicial district of the state of Idaho, in and for Power county, and having directed the applicant for the injunctive order, Glenn R. Bothwell, trustee in bankruptcy, to make an application at once for authority from the bankruptcy court in Utah to reconstruct and rebuild a certain lateral therein referred to as lateral No. 33, in such manner as to convey water from the main canal of the American Falls Canal & Power Company's system to the lands owned by T. E. Fitzgerald and W. A. West; and it now appearing to the court from a report made and filed herein that no such application has been made to the bank-

ruptcy court of Utah, but that, on the other hand, an application has been made to the bankruptcy court of Utah for the rejection of the claim of said Fitzgerald and said West that such lateral be constructed under their contracts; and it further appearing to the court that there is danger that unless such lateral is constructed without delay said Fitzgerald and said West will not be able to irrigate their lands during the irrigating season for 1914:

"It is therefore ordered that said former order, dated April 17, 1914, be and the same is hereby vacated and set aside, and the injunctive relief prayed for by the trustee in bankruptcy is denied."

The trustee in bankruptcy has prosecuted an appeal to this court from the last-mentioned order, to the extent that the order vacated the interlocutory decree of April 17, 1914, granting to the trustee injunctive relief, enjoining Fitzgerald and West from the further prosecution of their suit in the state court of Idaho. The trustee has also filed in this court a petition for revision of the order of May 4, 1914, as well as the order of April 17, 1914, under section 24b of the Bankruptcy Act of July 1, 1898.

The appellant's petition to the lower court for a supersedeas order, upon giving a supersedeas bond, was denied. Subsequently, upon application to a member of this court, a supersedeas bond was taken and a supersedeas order issued, continuing in force the temporary injunction.

Charles C. Dey, A. L. Hoppaugh, L. R. Martineau, Jr., and Isaac Blair Evans, all of Salt Lake City, Utah, for appellant and petitioner.

W. E. Sullivan and L. L. Sullivan, both of Boise, Idaho, for appellees and respondents.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1] This case comes here by appeal, and also upon a petition for revision. The assignment of errors indicates that the appeal is taken under section 24a of the Bankruptcy Act. The petition for revision is under section 24b of that act. As each of these methods of procedure is exclusive of the other (In the Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725; In re Mueller, 135 Fed. 711, 68 C. C. A. 349), we must determine which of the two methods this court is authorized to entertain.

[2] We are of the opinion that the question at issue is a controversy arising in bankruptcy proceedings, and comes here for review under section 24a of the Bankruptcy Act. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Mitchell Store Building Co. v. Carroll, 232 U. S. 379, 34 Sup. Ct. 410, 58 L. Ed. 650. In such case the appeal takes the course prescribed in the act establishing the Circuit Court of Appeals (Act March 3, 1891, c. 517, 26 Stat. 826; Mitchell Building Co. v. Carroll, supra). Section 7 of that act (section 129 of the Judicial Code) provides for an appeal to the Circuit Court of Appeals, where upon a hearing in equity in a District Court an injunction is granted, continued, refused, or dissolved by an interlocutory order. This is an appeal from an interlocutory order made and entered in the United States District Court of Idaho on May 4, 1914, vacating and setting aside a previous order made and entered in that court on April 17, 1914, enjoining and restraining the appellees, until the further order of the court, from proceeding further in their suit in the state court of

Idaho against the American Falls Canal & Power Company, a corporation, bankrupt. The order of April 17, 1914, contained two separate and distinct orders. The first order directed that an interlocutory injunction issue restraining and enjoining Fitzgerald and West from proceeding further in their action in the state court against the bankrupt corporation; the second order directed that the trustee in bankruptcy should make application to the bankruptcy court in the district of Utah for authority to reconstruct and build lateral No. 33 in the manner therein directed. Both of these orders were set aside and vacated by the general order of May 4, 1914. The appellant, considering himself aggrieved by that part of the order of May 4, 1914, setting aside and vacating the previous order of April 17, 1914, granting the temporary injunction, appealed from that part of the order of May 4, 1914, to this court, and that is the appeal and order now under consideration. The remaining order of April 17, 1914, directing the trustee in bankruptcy to make application to the bankruptcy court in Utah for authority to reconstruct and build lateral No. 33, was also vacated and set aside by the general order of May 4, 1914; but from that part of the latter order no appeal has been taken to this court.

[3] Appeals from orders or decrees not final are limited by statute to orders or decrees granting, continuing, refusing, dissolving, or refusing to dissolve interlocutory injunctions. Sections 128 and 129, Judicial Code. The order or decree of May 4, 1914, vacating and setting aside that part of the order of April 17, 1914, granting an interlocutory injunction, is appealable under the statute as an order dissolving an injunction; but that part of the order of May 4, 1914, vacating and setting aside that part of the order of April 17, 1914, directing the trustee in bankruptcy to apply to the bankruptcy court in Utah for authority to reconstruct and rebuild lateral No. 33, is clearly not appealable under any statute, unless the order be held to be a final order or decree, and appealable under section 128 of the Judicial Code. But whether it is or is not a final order or decree is not material in the present inquiry, since no appeal has been taken from that order, and it is therefore not before us for review.

[4] This brings us to the consideration of the only question involved in this appeal: Was the lower court right in dissolving the interlocutory injunction? The rule that the granting or refusing of a preliminary injunction ordinarily rests in the sound discretion of the trial court, and a review thereof by an appellate court is limited to the inquiry whether there was an abuse of discretion in granting the writ, is based largely upon the consideration that the object and purpose of the preliminary injunction is to preserve the existing state of things until the rights of the parties can be fairly and fully investigated and determined upon strictly legal proofs according to the course and principles of equity. Blount v. Société Anonyme du Filtre Chamberland Systeme Pasteur, 53 Fed. 98, 3 C. C. A. 455; Kings County Raisin & Fruit Co. v. United States Con. Seeded Raisin Co., 182 Fed. 59, 104 C. C. A. 499. But no such consideration obtains where the trial court dissolves a preliminary injunction. The granting of an injunction to preserve the status quo may be a substantial

and persuasive reason for continuing it in force. It follows that when a preliminary injunction has been dissolved the appellate court will not be limited to the question whether the trial court has abused its discretion in dissolving the injunction, but may inquire into all of the circumstances connected with the proceedings as they appear of record, and the effect the dissolution of the injunction may have on the rights of the parties.

In the brief of the appellees there is a statement of what transpired in the court below when that court made its order of April 17, 1914, and how that order came to be vacated, as provided in the order of May 4, 1914. The statement was repeated upon the oral argument of this case. The proceedings referred to relate to a supposed understanding between the parties as to the petition to be presented to the Utah court relating to the reconstruction and rebuilding of lateral No. 33, and the failure of the appellant to comply with that understanding in his petition to the Utah court is stated as the reason for the order of May 4, 1914. The proceedings are not contained in the record, and it seems superfluous to state that an appellate court cannot inquire into and determine facts relating to a supposed verbal understanding concerning orders of a trial court in determining a controversy relating to such orders. Such an understanding should be made of record, either by written stipulation, or by an order to which the consent of the parties is made to appear. The matter referred to is not available in this case, in the manner presented, to determine the question involved in this appeal.

[5] The effect of dissolving the interlocutory order granting the injunction was to permit the state court, in a suit brought subsequent to the commencement of bankruptcy proceedings, to proceed with the suit in that court, appoint a receiver with power to complete the irrigating system of the bankrupt corporation, collect sufficient moneys due and owing, or to become due and owing, from the holders of water rights entered into with the bankrupt corporation, and to expend the moneys so collected, or so much thereof as should be necessary to complete the irrigating system of the bankrupt corporation, and especially to complete lateral No. 33, so that the plaintiffs in that suit might be supplied with water to be delivered to them pursuant to the provisions of their deeds. The result of such proceedings in the state court would be to withdraw from the bankruptcy court all questions relating to the rights of Fitzgerald and West, as against the estate of the bankrupt corporation, and to remit those questions to the state court for determination.

The object of the Bankruptcy Act was to establish a uniform system of bankruptcy, and with that end in view to take from the state courts the decision and determination of all such questions and controversies as are by the act placed within the jurisdiction of the bankruptcy courts. Under the provisions of section 2 of the act, the District Courts of the United States, as courts of bankruptcy, are invested with jurisdiction:

" * * * (2) To allow claims, disallow claims, reconsider allowed and disallowed claims, and allow or disallow them against bankrupt estates; (3)

appoint receivers, * * * for the preservation of estates, to take charge of the property of the bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified; * * * (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto; * * * (19) transfer cases to other courts of bankruptcy; and (20) exercise auxiliary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in another bankruptcy proceeding pending in any other court of bankruptcy."

"The bankruptcy law is paramount, and the jurisdiction of the federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive." In re Watts & Sachs, 190 U. S. 1, 27, 23 Sup. Ct. 718, 724 (47 L. Ed. 933).

"It is the purpose of the bankruptcy law, passed in pursuance of the power of Congress to establish a uniform system of bankruptcy throughout the United States, to place the property of the bankrupt under the control of the court, wherever it is found, with a view to its equal distribution among the creditors. The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition." Acme Harvester Co. v. Beekman Lum. Co., 222 U. S. 300, 307, 32 Sup. Ct. 96, 99 (56 L. Ed. 208).

It was not intended by Congress that after the passage of this act the determination of controversies arising thereunder, or growing out of proceedings instituted pursuant to its provisions, should be submitted to tribunals other than those especially designated in the act. In United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 217, 32 Sup. Ct. 620, 625 (56 L. Ed. 1055) the Supreme Court of the United States, in construing the provisions of section 2 of the Bankruptcy Act, said:

"We think it is a necessary conclusion from these and other provisions of the act that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include, among others, all matters of administration, such as the allowance, rejection, and reconsideration of claims, the reduction of the estates to money and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them. * * * A distinct purpose of the Bankruptcy Act is to subject the administration of the estates of bankrupts to the control of tribunals clothed with authority and charged with the duty of proceeding to final settlement and distribution in a summary way, as are the courts of bankruptcy. Creditors are entitled to have this authority exercised, and justly may complain when * * * an important part of the administration is sought to be effected through the slower and less appropriate processes of a plenary suit in equity in another court, involving collateral and extraneous matters with which they have no concern."

The merits of the controversy respecting the reconstruction and rebuilding of lateral No. 33, as claimed by Fitzgerald and West, and the method of meeting the expense to be connected with such reconstruction and rebuilding, if ordered, should be determined upon the issues presented by the trustee in bankruptcy in his petition to the District Court of Idaho, invoking the ancillary jurisdiction of that court in the administration of the bankrupt estate in Idaho, or the questions should be presented to and determined by the bankruptcy

court of original jurisdiction in Utah. In the order of April 17, 1914, it was provided that the expense of reconstructing and rebuilding lateral No. 33 should be paid as directed by the bankruptcy court of Utah. That order has been vacated, but the questions are still presented by the petition of the trustee in bankruptcy whether the deferred payments due to the bankrupt corporation in the amount necessary to reconstruct and rebuild lateral No. 33 are or are not assets of the bankrupt estate for the payment of that expense, and whether the application of such deferred payments in that amount would constitute a preference in favor of Fitzgerald and West under the bankruptcy act. These questions call for decision prior to the entry of any order by either the Utah court in the exercise of its original jurisdiction, or the Idaho court in the exercise of its ancillary jurisdiction providing for the reconstruction and rebuilding of lateral No. 33. The creditors of the bankrupt corporation are clearly entitled to have this controversy dealt with under the Bankruptcy Act and by a bankruptcy court authorized to cause the estate of the bankrupt corporation to be collected, reduced to money, and distributed, and all controversies determined in relation thereto, and pending such determination the temporary injunction should be continued in force, enjoining and restraining Fitzgerald and West from proceeding further in the action in the state court respecting the same subject-matter.

The order of this court will therefore be that the order of the District Court of Idaho of May 4, 1914, dissolving the temporary injunction provided in the order of April 17, 1914, be reversed, and that the temporary injunction issued, and heretofore continued by supersedeas, be further continued in force until the further order of the District Court, and that the court take such further proceedings in the matter as are not inconsistent with this opinion. The petition for revision will be dismissed.