HOWARD D. THOMAS CO. v. BEHARRELL et al.

In re I. GEVURTZ & SONS.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2569.

BANKRUPTCY ⬤≈440—REVIEW OF PROCEEDINGS—APPEAL OR PETITION TO RE-
VISE.

> Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, §
> 9608), provides that the Circuit Courts of Appeal shall have jurisdiction
> to revise in matter of law, the proceedings of the courts of bankruptcy.
> Section 25a authorizes appeals as in equity cases, in bankruptcy proceed-
> ings, from a judgment adjudging or refusing to adjudge the defendant a
> bankrupt, granting or denying a discharge, or allowing or rejecting a
> debt of $500 or over. The claimant sold rugs to the bankrupt on credit,
> and before bankruptcy received back such of the rugs as had not been
> resold by the bankrupt. It filed its claim for a balance due, which was
> resisted on the ground that it had received a preference, and subsequently
> withdrew its claim and filed a petition for a rescission of the sale and to
> reclaim the rugs, with damages for such as could not be returned. *Held*,
> that this claim, being for the recovery of the unreturned rugs or their,
> value, constituted a controversy arising in the bankruptcy proceedings,
> and as such was appealable, and not reviewable by petition to revise.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec.
> Dig. ⬤≈440.]

Petition for·Revision of Proceeding of the District Court of the
United States for the District of Oregon, in Bankruptcy.

In the matter of I. Gevurtz & Sons, bankrupts. Petition by the
Howard D. Thomas Company to reclaim certain property, with dam-
ages for such as could not be returned, opposed by William H. Behar-
rell and others, trustees in bankruptcy, was denied, and the claimant
files a petition to revise, under Bankr. Act July 1, 1898, c. 541, §
24b, 30 Stat. 553 (Comp. St. 1913, § 9608). Petition denied.

Beach, Simon & Nelson, of Portland, Or., for petitioner.
Reed & Bell, of Portland, Or., for respondents.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, Dis-
trict Judge.

ROSS, Circuit Judge. The respondents are trustees of the estate
of I. Gevurtz, a bankrupt corporation, to which corporation the peti-
tioner, shortly before the proceedings in bankruptcy, had sold rugs of
the aggregate value of $3,907.36. At the time of such sale the peti-
tioner knew that Gevurtz & Sons were in financial difficulties, but upon
the assurance of Gevurtz that his company was negotiating with a
bank in Portland for a large sum of money with which to meet its
pressing necessities and for an extension of credit on the part of its
larger creditors, made the sale of the rugs and delivered them from
time to time. Gevurtz, finding his company unable to consummate the
negotiations, notified the petitioner of that fact, and within a few
days of the filing of the petition in bankruptcy by his company returned

to the petitioner all the rugs so purchased remaining in the hands of the purchaser, aggregating in value $2,911.60, all of which the petitioner accepted, leaving a balance due the petitioner from Gevurtz & Sons of $996.26. For that balance the petitioner filed a claim against the bankrupt, to which claim the trustees of the bankrupt's estate filed objections, on the ground that the petitioner had received a preference in the returned rugs and had not surrendered them. Those objections coming on for hearing before the referee in bankruptcy, the petitioner, after the taking of testimony bearing upon the question, asked permission to withdraw its claim for the $996.26, which permission was granted. Subsequently the petitioner applied to the District Court for leave to file a petition for the rescission of the sale of the rugs, upon the ground of fraud alleged to have been practiced by the bankrupt, and to "reclaim its rugs, with damages for such as cannot be returned," to which petition the trustees of the bankrupt estate filed an answer, raising issues which were referred by the court to a special master, upon which testimony was taken and certain findings and conclusions made by the master, all of which were approved by the court.

In substance the findings were that at the time of the sale of the rugs the Gevurtz & Sons corporation was in difficulties with its creditors, being heavily indebted and far in arrears with current merchandise bills; that it then had pending with a certain named bank negotiations for money sufficient to pay all of its outstanding small merchandise bills and to continue its business without further difficulty, and that the officers of the bankrupt corporation honestly believed that such loan would be made, and in that belief Gevurtz, president of the corporation, called Thomas, the president of the petitioner, over the telephone and placed the order for the rugs; that in that conversation "Thomas at first declined to honor his order, telling Gevurtz that his firm was slow in paying bills, that they had failed to pay bills long past due, and that he would not ship the goods unless absolutely certain that Thomas & Co. would receive its money. To this Gevurtz replied, in substance, that they were absolutely certain of paying the bill, because they had made arrangements with the First National Bank to advance them $100,000 for the purpose of paying their pressing obligations, which would supply them with sufficient capital to run the institution along. He understood [undertook] to absolutely guarantee that Thomas & Co. would be paid, and with this assurance Thomas agreed to ship the goods." The master further found from the evidence before him that upon that occasion Gevurtz "was acting in entire good faith, and believed, with good reason, that negotiations with the bank were practically certain to result as contemplated, and that at this date the Gevurtz corporation fully expected the bank to step in and advance sufficient funds to put them upon their feet," and the master added: "I find no evidence of fraud or bad faith in his conduct." The master further found as facts the following:

"Within about 30 days from the date of the shipment negotiations with the bank for some reason fell through and bankruptcy was precipitated. Within 4 or 5 days before the petition was filed, Philip Gevurtz called Thomas & Co. up on the phone and explained to them that they were in trouble and wished

to return the rugs. Mr. Thomas, who is the manager and sole owner of the company, was absent in the East at the time, and those in charge in his absence told Gevurtz they had no authority to receive the rugs back, and that if they were shipped it must be upon the responsibility of Gevurtz & Co. However, their traveling salesman came down to confer with the bankrupt, and, while here, this party was informed by Philip Gevurtz of the reason for wishing to return the rugs, which was that they were in serious financial straits, threatened with bankruptcy, and he felt in honor bound, in view of his statements to Thomas, to protect them. This party declined to receive the rugs upon the ground that he had no authority to do so, but anyway the rugs undisposed of were at once crated and shipped back to Thomas & Co., and credit was given by them to the bankrupt for the invoice thereof upon the account."

And as conclusions of law the master found that the application of the petitioner for the filing of its petition for recovery of or for the rugs not returned should be denied, first, because the "proof of fraud upon the part of the bankrupt's officers is insufficient"; and, secondly, because "Thomas & Co., at the time they filed their claim for the balance due on the purchase price of the rugs, placed themselves in the position of a creditor, and thus lost the right to rescind, if it ever existed." The master therefore recommended that the petition to liquidate the claim be denied.

To both the findings of fact and the conclusions of the master the petitioner filed exceptions, all of which were by the District Court overruled, and the report confirmed. The exceptions were as follows:

### "Exceptions to Findings of Fact.

"Petitioner excepts to the failure of said report to find as a fact that, at the time the rugs were ordered of petitioner by the above-named bankrupt, negotiations for settlement with its creditors were pending, and bankrupt's affairs were under the supervision of a creditor's committee; that the rugs were necessary for the bankrupt's continuance as a going concern, and were ordered with the said committee's consent, under a distinct provision that they be paid for or returned to petitioner.

"Petitioner also excepts to the failure of said report to find as a fact that at the time petitioner filed its claim, and up until the hearing of objections thereto, it had no knowledge or reason to believe that the statement of bankrupt that it had effected arrangements with the First National Bank of Portland, Or., was false; that petitioner made no conscious election with full knowledge of the facts until shortly before it filed its petition to withdraw its claim as a general creditor; that neither any delay of petitioner nor any other action of petitioner resulted in an injury to any third party, or altered the position of any one affected thereby.

### "Exceptions to Conclusions of Law.

"Petitioner excepts to the statement by the special master of the law with regard to right of rescission for fraud, and contends that the report should have found that where a contract is induced by a statement of material fact, made as of his own knowledge by one in a position to know its truth or falsity, and the statement is believed and relied on by the other party to his damage, and is not true, that the transaction is fraudulent as a matter of law and the innocent party may rescind. Petitioner contends that this general statement is applicable to the facts found by the master and to the additional facts hereinbefore set forth, and renders it proper to permit petitioner herein to liquidate its claim.

"Petitioner excepts to the conclusion with reference to an alleged election of remedies, and contends that the equitable doctrine is that an election is binding only where made with full knowledge of all the facts, or where on

the basis of estoppel it would be inequitable to permit a change of position because of the interests of third parties, and that the conclusion here should have been that petitioner made no conscious election with full knowledge, and it would be inequitable and harsh and productive of injustice to hold that petitioner is barred by a technical election."

The claim of the petitioner, being for the recovery of the unreturned rugs or their value, clearly constituted, in our opinion, a controversy arising in the bankruptcy proceedings, and as such was appealable under section 25a of the Bankruptcy Act, and therefore is not reviewable under section 24b of that act. It is, we think, unnecessary to do more than refer to the decisions of the Supreme Court in the case of Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, and in the Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725, in the latter of which the court said that under section 24b:

"Authority, either interlocutory or final, is given to the Circuit Court of Appeals to superintend and revise in matters of law the proceedings of the inferior courts of bankruptcy within their jurisdiction. We think this subdivision was not intended to give an additional remedy to those whose rights could be protected by an appeal under section 25 of the act. That section provides a short method by which rejected claims can be promptly reviewed by appeal in the Circuit Court of Appeals, and, in certain cases, in this court. The proceeding under section 24b, permitting a review of questions of law arising in bankruptcy proceedings, was not intended as a substitute for the right of appeal under section 25. Coder v. Arts, supra, 213 U. S. 233 [29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008]. Under section 24b a question of law only is taken to the Circuit Court of Appeals; under the appeal section controversies of fact as well are taken to that court, with findings of fact to be made therein if the case is appealable to this court. We do not think it was intended to give to persons who could avail themselves of the remedy by appeal under section 25 a review by petition under section 24b. The object of section 24b is rather to give a review as to matters of law, where facts are not in controversy, of orders of courts of bankruptcy in the ordinary administration of the bankrupt's estate. In our judgment the rule was well stated in Re Mueller, 135 Fed. 711, 715 [68 C. C. A. 349, 353] by Mr. Justice Lurton, then Circuit Judge: 'The "proceedings" reviewable [under section 24b] are those administrative orders and decrees in the ordinary course of a bankruptcy between the filing of the petition and the final settlement of the estate, which are not made specially appealable under section 25a. This would include questions between the bankrupt and his creditors of an administrative character, and exclude such matters as are appealable under section 24a (b).'"

The petition herein is denied, with costs against the petitioner.