In re RUSSELL.

SCANDINAVIAN–AMERICAN BANK OF BIG TIMBER, MONT., v. ELLINGSON.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1918.)

No. 3016.

BANKRUPTCY ☞440 —REVIEW—MODE.

Bankruptcy Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1916, § 9608), provides that the several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy. Section 25a (Comp. St. 1916, § 9609) declares that appeals

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

·as in equity cases may be taken in bankruptcy proceedings to the Circuit Court of Appeals of the United States, and to the Supreme Courts of the territories, from a judgment adjudging or refusing to adjudge the defendant a bankrupt, from a judgment granting or denying a discharge, and from a judgment allowing or rejecting a debt or claim of $500 or over. After hearing testimony, a claim based on a chattel mortgage was denied as a preferred claim; the mortgage being declared fraudulent and void. *Held* that, as the questions involved were questions of fact, they could not be reviewed by a petition to superintend and revise, but should be reviewed by appeal, and, as the jurisdiction of the court under petition for revision is restricted to questions of law, the petition must be dismissed.

Petition for Revision of Proceedings of the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

In the matter of the bankruptcy of W. N. Russell. A mortgage of the Scandinavian-American Bank of Big Timber, Mont., a corporation, filed as a·preferred claim, was, on objection of John G. Ellingson, trustee, declared fraudulent and void, and, the determination of the referee being affirmed, claimant petitions for revision under Bankruptcy Act, § 24b. Petition dismissed.

Chas. W. Campbell, of Big Timber, Mont., and Miller, O'Connor & Miller, of Livingston, Mont., for petitioner.

Frank Arnold, of Livingston, Mont., for respondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This is a "petition for revision and review under section 24b of the Bankruptcy Act of 1898" (Comp. St. 1916, § 9608). The petitioner seeks to review an order in bankruptcy, declaring fraudulent and void a certain chattel mortgage made by the bankrupt, W. N. Russell, to the petitioner bank. In June, 1915, Russell made a chattel mortgage covering a stock of goods consisting of paints, lumber, and other things to the bank. The mortgage contained a clause authorizing the mortgagors to sell in usual course for cash or credit, not exceeding 30 days, and that the mortgagors would keep accounts, and deduct from the proceeds of sales their living expenses, current business expenses, and could replenish the stock and deposit the net daily with and to the credit of the bank on account of the mortgage debt. Russell was adjudged a bankrupt in March, 1916, and in due course the bank offered to file proof of its preferred claim with the referee in bankruptcy. Objections were filed by creditors to the allowance of the claim as a preferred claim, on the ground that the mortgage was taken by the bank with intent to hinder, delay, and defraud creditors of the bankrupt, and that when the mortgage was made it was not intended that the provisions relating to the conduct of the business should be complied with. The referee, after hearing much testimony, made elaborate findings of fact and conclusions in favor of the objectors, and the District Court, upon petition to review, affirmed the findings and decision of the referee. No appeal under section 25 was taken to this court.

The errors assigned assail the decision of the court, upholding the findings of the referee that the parties intended the mortgage to pro-

tect them from interference from other creditors, and to shield payments to such creditors as the mortgagee preferred, and to keep the stock for the protection of the mortgagee, and that the mortgage was invalid. The respondent has moved to dismiss the petition upon the ground, among others, that it appears from the record that the order of the District Court should be reviewed by appeal under section 25a of the Bankruptcy Act, and not by petition to revise under section 24b of the Bankruptcy Act, for the reason that both questions of law and of fact are sought to be reviewed.

It is perfectly plain that what the appellant seeks here is to have this court consider the evidence upon the merits of the rejection of a claim as a preferred claim, and then to reverse the order of the lower court. This calls for review of the evidence as upon appeal, comprehended by paragraph 3 of subdivision "a" of section 25 of the Bankruptcy Act. But the petition to superintend and revise is not the appropriate method for review, where, as here, the record shows that the controversy is one arising in bankruptcy proceedings, as contradistinguished from proceedings in bankruptcy. The right of appeal under section 25, subdivision "a," of the Bankruptcy Act (section 9609, U. S. Comp. St. 1916), gives a right to review questions of law and of fact, while review under subdivision "b" of section 24 is confined to matters of law only. Under subdivision "a" of section 25, the right of appeal is:

"(1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over."

It is unnecessary to state the case at length or to make any extended allusion to the authorities, inasmuch as the question has been definitely settled by our own decisions which we cite. Morehouse v. Pacific Hardware & Steel Co., 177 Fed. 337, 100 C. C. A. 647; Howard D. Thomas v. Beharrell et al., 229 Fed. 691, 144 C. C. A. 101. The Supreme Court has held to like effect in the Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725, where the court referred to appeals under section 25 of the Bankruptcy Act as providing a short method by which rejected claims can be promptly reviewed by appeal in the Circuit Court of Appeals, and held that the proceeding under section 24b, permitting the review of questions of law arising in bankruptcy proceedings, was not intended as a substitute for the right of appeal under section 25. The court said:

"Under section 24b a question of law only is taken to the Circuit Court of Appeals; under the appeal section, controversies of fact as well are taken to that court, with findings of fact to be made therein if the case is appealable to this court. We do not think it was intended to give to persons, who could avail themselves of the remedy by appeal under section 25, a review by petition under section 24b. The object of section 24b is rather to give a review as to matters of law, where the facts are not in controversy, or orders of courts of bankruptcy in the ordinary administration of the bankrupt's estate."

See Globe Bank v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583; In re Graessler v. Reichwald, 154 Fed. 478, 83 C. C. A. 304;

247 F.—7

Bothwell v. Fitzgerald, 219 Fed. 408, 135 C. C. A. 212; Pindel v. Holgate, 221 Fed. 342, 137 C. C. A. 158, Ann. Cas. 1916C, 983; Olmsted-Stevenson Co. v. Miller, 231 Fed. 69, 145 C. C. A. 257; Matter of Creech Brothers Lumber Co., 240 Fed. 8, 153 C. C. A. 44; Remington on Bankruptcy, §§ 2888, 2916.

The jurisdiction of this court being narrowed under petition for revision (Duryea Power Co. v. Sternbergh, 218 U. S. 299, 31 Sup. Ct. 25, 54 L. Ed. 1047), the petition must be denied, and the proceeding dismissed.