### In re THOMPSON.

### SIMPSON v. MACOMBER.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1920.)

No. 3433.

1. **Bankruptcy ⊂⇒440—Petition to review does not lie, if judgment is appealable.**

One entitled to an appeal to the Circuit Court of Appeals under Bankruptcy Act, § 25a (Comp. St. § 9609), is not also entitled to review by petition under section 24b (section 9608).

2. **Bankruptcy ⊂⇒461—Petition for rehearing to revive right to appeal is ineffectual.**

Petition for rehearing after a judgment allowing a claim in excess of $500, filed after the time for appeal under Bankruptcy Act, § 25a (Comp. St. § 9609), had expired, for the obvious purpose of securing an entry of the judgment as of a later date, so that an appeal could be taken, is ineffectual to revive the right to appeal.

3. **Bankruptcy ⊂⇒439—Judgment held not to fix priority, but to disallow claim, and not subject to petition for review.**

A judgment of the District Court allowing a claim against a trustee in bankruptcy by the receiver of a corporation is not a judgment fixing the priority of claims, reviewable by petition under Bankruptcy Act, § 24b (Comp. St. § 9608), though the referee had found the claim a proper one for filing, but disallowed it because the corporation's creditors had received from the receiver more than the creditors of the bankrupt would receive, and had certified to the District Court that the question involved was whether the claim was a proper one to be allowed against the estate and to participate in funds then in the hands of the trustee.

Appeal from, and Petition to Review Order of, the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

In the matter of Peter Thompson, bankrupt. From an order of

---

the District Court, allowing the claim of L. H. Macomber, receiver of the Peter Thompson Company, a corporation, R. D. Simpson, as trustee of the estate of Peter Thompson, bankrupt, appeals and petitions for review. Motions to dismiss the appeal and the petition for review granted.

See, also, 257 Fed. 140.

W. W. Keyes, of Tacoma, Wash., for appellant.

Leopold M. Stern, of Seattle, Wash., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. The present controversy arises upon two motions filed in this court by the appellee, one to dismiss the appeal, and the other to dismiss the petition for review. The ground upon which the motion to dismiss the appeal is based is that it was not sued out within the time limited by law, and that of the other motion is that the proper remedy of the petitioner is by appeal, and not by petition to revise. The record is in some confusion, and the effort will be to get as nearly as possible a chronological arrangement of the data, as well as a statement of the matters that seem to be controlling, whereby to solve the questions presented for decision.

L. H. Macomber, being a receiver of the Peter Thompson Company, a corporation, appointed by the superior court of the state of Washington, presented to the trustee in bankruptcy for his allowance a claim in the sum of $8,500, based upon the judgment of such superior court, and arising from the assessment of certain capital stock which the bankrupt held in the Thompson Company. The trustee, on April 5, 1918, filed with the referee in bankruptcy objections to the allowance of the claim, on grounds: (1) That the subscription of Peter Thompson to the capital stock of the Peter Thompson Company had been fully met and discharged; (2) that the creditors of the corporation were estopped by their conduct from asserting the claim; and (3) that the claim was not allowable as matter of law. The referee sustained the objections, treating them as a demurrer. The matter was thereupon certified to the District Court for review; the referee reciting that there were two questions involved, namely:

"Whether or not the claim is based upon a contingency, and is not a liability against the estate in the hands of the trustee for that reason; and, second, whether or not the trustee is liable * * * when he has never accepted the stock, but has disclaimed it as burdensome."

On February 6, 1919, the District Court reversed the referee's order, and referred the matter back for further proceedings. On February 27th further objections to the claim were filed with the referee, attacking the validity of the judgment in the state court upon which the claim is based, and assigning other reasons why it should be disallowed. A motion was interposed by the claimant to strike the objection, resulting in an order of the trustee denying the motion. The order was entered May 13, 1919. The matter was again in-

formally certified to the District Court. The referee then certified that—

> "The question presented on this review is whether or not the trustee has any legal right to file the objections filed by him on February 27th last, or to any pleading after the determination of the said demurrer, and whether or not this court is bound by the act of the superior court in fixing the amount due from Thompson on his stock subscription."

The cause coming on for hearing before the District Court, the motion to strike the trustee's objection as a whole was denied, but was sustained as to each and every of the other grounds of the objections, and the cause was again referred back to the referee for further proceeding. This order bears date July 14, 1919. Thereafter the referee, having again considered the matter, made and entered, on August 8, 1919, the following findings and order:

> "I find that the claim of the said L. H. Macomber as receiver is in proper form and is entitled to be filed as a claim in said estate. I further find, however, that the creditors represented by the said L. H. Macomber as receiver have participated in the estate of the said Peter Thompson Company, and have received through said source a greater percentage upon their indebtedness than the other creditors whose claims have been filed and allowed in this estate, and being of the opinion heretofore expressed, as shown by the files and records herein, that the creditors of Peter Thompson and those creditors represented by L. H. Macomber as receiver should share equally and ratably, and the said creditors represented by said L. H. Macomber as receiver having refused to pay back or to tender the several amounts paid to them under said receivership proceedings, the same are not therefore entitled to participate in the funds of this estate, and the claim of the said L. H. Macomber is therefore disallowed."

The cause was, on August 28, 1919, again certified to the District Court. The referee by his certificate defines the effect of his order as follows:

> "The present order bars claimant from sharing in this fund. But it leaves him free to share in any other fund, or estate that may be discovered. The referee never considered that this claim had any merits. When he made the order allowing the respective creditors to share in the funds to which they had contributed, and they did so, and those two funds comprised all the estate, there was nothing to which this claim could attach."

And in conclusion he represents the question involved by the review to be:

> "Whether or not the claim of L. H. Macomber, receiver, should be allowed as a proper claim against this estate and to participate in the fund now in the hands of the trustee."

On September 30, 1919, the District Court, having under review the order of the referee of August 8, 1919, ordered and adjudged that "said claim be and the same is hereby allowed as filed," and directed the referee to restore it to the list as an allowed claim in the sum specified therein.

Later, to wit, on November 24, 1919, the District Court, upon a petition for rehearing interposed on the part of the trustee, which was brought on for hearing on November 17, 1919, ordered and directed that the claim of Macomber "be and it is hereby allowed as

and of the date of the entry hereof, and that the said order of September 30th, heretofore referred to, be and it is hereby set aside and annulled," and "that the petition for rehearing be denied."

[1] It has become settled law that one who is entitled, under section 25a of the Bankruptcy Act, to an appeal to the Circuit Court of Appeals, is not also entitled to a review by petition under section 24b. This court said, in First Nat. Bank v. State Nat. Bank, 131 Fed. 430, 433, 65 C. C. A. 414, 417:

"The general consensus of opinion is that, section 25a having provided a means to review by appeal three kinds of judgments, every other means is excluded."

So, in Matter of Loving, 224 U. S. 183, 187, 32 Sup. Ct. 446, 448, (56 L. Ed. 725), a case decided much later by the Supreme Court, that court says:

"We think this subdivision [section 24b] was not intended to give an additional remedy to those whose rights could be protected by an appeal under section 25 of the act."

See, also, In re Russell, 247 Fed. 95, 159 C. C. A. 313.

[2] Section 25a gives the right of appeal (subdivision 3) from a judgment allowing or rejecting a debt or claim of $500 or over. The time for prosecuting such appeal is limited to 10 days after the rendition of the judgment appealed from. The question is presented here whether the appeal has been taken within the 10-day limitation. The primary order was made and entered on September 30, 1919. The appellant, having by oversight let the time go by, moved for a rehearing, apparently for the only purpose of procuring the entry of the judgment as of a later date, so that the appeal could be taken in compliance with the statute. This latter order and judgment were entered November 24, 1919. The appeal was taken within 10 days from that date. The obvious purpose of the later order and judgment was to revive the right of the trustee to appeal. The entry itself indicates as much. An order so made is wholly ineffectual to revive such right. In re Berkebile (D. C.) 144 Fed. 574; In re Goldberg, 167 Fed. 808, 93 C. C. A. 203. In the case at bar, not only was the appeal filed long after the 10 days had expired after the entry of the original order, but even the motion for rehearing was filed after the expiration of the time.

[3] But it is stoutly insisted on the part of the appellant that the case is one for revision under section 24b. Counsel argues that the question involved is one respecting rank or priority of claims rather than pertaining to the mere allowance of the receiver's claim, or perhaps, speaking more specifically, both questions are involved. To this interpretation of the record we cannot give our assent. Special reference is made to the referee's finding and order, filed of date August 8, 1919, wherein he finds that the claim "is in proper form and is entitled to be filed as a claim in said estate." After expressing an opinion that the creditors of Peter Thompson and those represented by Macomber should share equally and ratably, he further finds that, the creditors represented by Macomber having refused to pay back or

tender the several amounts paid to them under the receivership proceedings, they are not entitled to participate in the funds of the bankrupt's estate, and the claim of Macomber is therefore disallowed. The effect of the findings was simply to declare that the claim was proper in form and entitled to be filed, not that it was allowed, and then to declare that the claim was disallowed.

The real gist of the controversy in all of these proceedings was respecting the allowance or disallowance of the claim, and the final word of the referee was to disallow it. His reasons for disallowing it are given in the findings, but that does not change the effect of the order. Nor does the fact that the referee certified that the question involved by the proceeding was whether the claim was a proper one to be allowed against the estate, "and to participate in the fund now in the hands of the trustee," change the controversy. It remains simply one for the allowance or disallowance of the claim. That such was the sole purpose and design, as well as the real effect, of the proceeding, is borne out by the fact that none of the assignments of error in the petition for revision to this court are predicated upon any reason other than that the court erred in not disallowing the claim.

The cause is clearly one for an appeal, and not for revision. Both motions will therefore be sustained, and such will be the order of the court.