## HOME BANK FOR SAVINGS v. LOHM.

(Circuit Court of Appeals, Fourth Circuit. May 25, 1915.)

### No. 1389.

BANKRUPTCY ⟺440—REVIEW—APPEAL OR REVISION AS PROPER REMEDY.

Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, § 9608), gives the Circuit Courts of Appeals jurisdiction to superintend and revise in matters of law the proceedings of the bankruptcy courts. Section 25a (3) authorizes appeals from judgments allowing or rejecting debts or claims of $500 or more. *Held* that, where a claim of $3,500 was presented for allowance as a preferred claim, the claim of preference being based upon an attachment levy within four months before bankruptcy, a decree denying the claim of preference should have been reviewed by appeal, and not by petition to revise.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⟺440.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Northern District of West Virginia, at Clarksburg, in Bankruptcy; Alston G. Dayton, Judge.

In the matter of Wilhelmina Wittigschlager, bankrupt; A. L. Lohm, trustee. On petition by the Home Bank for Savings to superintend and revise. Petition dismissed.

Homer W. Williams, of Clarksburg, W. Va., for petitioner.

R. R. Wilson, of Clarksburg, W. Va., for respondent.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is a petition to superintend and revise, in matter of law, proceedings in the District Court of the United States for the Northern District of West Virginia. It appears

that on the 21st day of May, 1913, the Home Bank for Savings instituted a suit in debt in the circuit court of Harrison county, W. Va., against Wilhelmina Wittigschlager, and on the 22d day of May, 1913, the bank procured an attachment in such action, which was duly levied upon the goods of Wilhelmina Wittigschlager. Thereafter, on the 12th day of August, 1913, on the petition of three creditors, Wilhelmina Wittigschlager was adjudged a bankrupt.

Among other things, the Home Bank for Savings proved a debt of $3,500, with interest, as a preferred claim against the property upon which the levy was made; the preference being based upon the levy and creation of the lien while Wilhelmina Wittigschlager was solvent. The question was referred to the referee, who, after hearing the testimony, discovered that he was interested in the litigation to such an extent as to disqualify him, which fact was reported to the District Judge; whereupon the District Judge, after considering the various pleadings, petitions, and orders, entered the following memorandum:

"The Circuit Court of Appeals for the Ninth Circuit, in Cook v. Robinson, 194 Fed. 785, 114 C. C. A. 505, has distinctly decided the question here involved. So, substantially, has the Circuit Court of Appeals for the Seventh Circuit (In re Richards, 96 Fed. 935, 37 C. C. A. 634)—both holding section 67f of the Bankruptcy Act to take precedence over section 67c; that under 67f all legal proceedings, including attachments, instituted within four months of the filing of bankruptcy petition, are vacated in case an adjudication in bankruptcy follows and that such adjudication is conclusive determination of the insolvency of the debtor within such period. I am in full accord with these rulings, and believe them to be based upon sound principles and correct construction of the Bankruptcy Act. I will therefore sustain the trustee's objection to the claim for preference made by the Home Bank for Savings, and counsel for trustee may prepare a decree accordingly."

The petitioner excepted to the decree entered pursuant to the foregoing memorandum, and, as we have stated, is here with a petition to superintend and revise in matter of law the proceedings of the lower court.

It is insisted by counsel for respondent that the petition should be dismissed, in that it appears that the decree of the lower court relates to the validity of a lien contested on a claim presented to the referee. The Supreme Court, in the case of Coder, Trustee, v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, has ruled directly on this point. That portion of the opinion which is pertinent is as follows:

"Under the circumstances of this case it seems to us that the petition (asserting the lien) was incident to the claim, * * * and was a bankruptcy proceeding under section 2, clause 7, within the meaning of section 25, regulating appeals in bankruptcy proceedings, and that the decree upon it was not 'a judgment allowing or rejecting a debt or claim of five hundred dollars or over,' within section 25a(3), and was not an independent ground of appeal. * * * The contest in the Otis Case, as in this, was over the claim presented, and, incidentally, to establish a lien upon the bankrupt's estate.

"It is insisted, however, that inasmuch as the trustee in the case at bar made no objection to the amount found due upon the notes by the District Court, and only sought by his appeal to further contest the right to the security asserted by Arts, that his sole remedy was, under section 24b, to have a revision in the Circuit Court of Appeals by a petition filed for that purpose, and that the Circuit Court of Appeals should have dismissed the attempted

appeal. But we are of opinion that the character of the proceeding must be determined by the nature of the claim set up against the trustee in bankruptcy, and, as section 25b gives an appeal to the Circuit Court of Appeals from a judgment allowing or rejecting a debt or claim of $500 or over, that the appeal was properly allowed in this case, and brought before the Circuit Court of Appeals the validity of the claim and the lien * * * securing the debt."

That the petitioner presented its claim for allowance or rejection is admitted. The evidence relating to the validity of this claim is incorporated in the record, and certain other documents relating to matters that transpired before the referee are incorporated in a document entitled "Respondent's Addendum to Transcript of Record." Thus it will be seen that this cause falls clearly within the rule announced in Coder, Trustee, v. Arts, supra, and that petitioner's remedy in this instance was by an appeal in pursuance to section 25a(3).

For the reasons stated therein, the petition to superintend and revise is dismissed.