## AMERICAN PIANO CO. v. HEAZEL et al.

### In re HOBBIE CO.

#### (Circuit Court of Appeals, Fourth Circuit. February 14, 1917.)

#### No. 1456.

BANKRUPTCY ⬅️440—METHOD OF REVIEW.

A claim by a manufacturer for pianos in possession of the trustee in bankruptcy, based on a consignment for sale contract, which claim was not resisted by the trustee, but was opposed by a creditor, who claimed a landlord's lien on the bankrupt's property, presents a controversy in bankruptcy, an order determining which is reviewable on appeal, under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609) and not a proceeding in bankruptcy reviewable by petition to revise under section 24b (Comp. St. 1913, § 9608).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915.]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Western District of Virginia, at Roanoke, in Bankruptcy; Henry Clay McDowell, Judge.

In the matter of the Hobbie Company, bankrupt; F. J. Heazel, trustee. On petition by the American Piano Company to superintend and revise in matter of law an order of the District Court permitting E. M. Coulter to hold under a landlord's lien property claimed by petitioner under a consignment contract. Petition dismissed.

C. A. McHugh, of Roanoke, Va. (Henry A. Heiser, of New York City, on the brief), for petitioner.

H. T. Hall, of Roanoke, Va. (Hall & Apperson, of Roanoke, Va., on the brief), for respondents.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This case comes here on petition to superintend and revise in matter of law proceedings (in bankruptcy) of the District Court of the United States for the Western District of Virginia.

The petitioner set up a claim of title to four pianos that passed into the hands of the trustee, which was presented in the form of a report filed by the trustee, the petitioner claiming these pianos under an assignment contract. The trustee did not resist this claim, but the respondent, E. M. Coulter, resisted it upon the ground that he was entitled to have the pianos in question subjected to his landlord's lien, thereby raising a question as to the ownership of the pianos. Thus it will be seen that the controversy is between the petitioner, the American Piano Company, on the one hand, claiming title to the same, as we have stated, under a consignment contract, and the respondent, Coulter, claiming under a landlord's lien. The respondent insisted that the title had become invested in the Hobbie Company so far as the creditors of the Hobbie Company were concerned. The referee held that the American Piano Company was the true owner of the pianos and

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

entitled to the possession thereof; that they were not subject to the liens or claims of creditors of the Hobbie Company. After the decision of the referee, respondent, Coulter, appealed to the District Court. The court below reversed the decision of the referee, and held that respondent was entitled to subject the pianos in question to the payment of his claim for rent against the bankrupt, the Hobbie Company.

The respondent filed a motion in this court to dismiss the petition upon the following grounds:

"First. Because the alleged errors complained of in said petition are not such as could be reviewed by this court on the petition to superintend and revise in matter of law.

"Second. Because the correctness of the decree or order complained of depends, not only upon matters of law, but also upon matters of fact, and therefore cannot be reviewed in this proceeding.

"Third. The relief prayed for in said petition involves a consideration of the evidence taken before the referee on the petition of the petitioner, and an appeal is the exclusive relief to review the action of the District Court on said claim, as provided in said Bankruptcy Act."

It is contended by the respondent, Coulter, that this is a controversy arising in bankruptcy proceedings, and that the case should have been brought here by appeal in pursuance of section 25a, while, on the other hand, it is contended by petitioner that the only question involved is as to the character of the trustee's possession, and that this is purely a question of law, and that therefore a petition to superintend and revise under section 24b is the proper method of bringing the controversy before this court.

While the record in this instance presents questions of law, a petition to superintend and revise is not the proper method for review, inasmuch as this case is a controversy arising in bankruptcy proceedings, as distinguished from proceedings in bankruptcy. Therefore, without entering into an extended discussion, we only deem it necessary to say that this question has been decided adversely to the contention of petitioner by the Supreme Court of the United States in several cases, notably among them being Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, and Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725. Further, the claim asserted by petitioner in this instance is adverse to the title of trustee, and is precisely the question involved in the case of Home Bank for Savings v. Lohm, 223 Fed. 633, 139 C. C. A. 179, wherein this court dismissed a petition to superintend and revise upon the ground that petitioner's remedy was by appeal.

From what we have said it necessarily follows that the petition should be dismissed. In passing, we think that it is not amiss to say that we have examined this case upon its merits, and that if the same were here by the proper method we would, with reluctance, feel it our duty to affirm the judgment of the court below.

Petition dismissed.