# MATTER OF THE PETITION OF LOVING, TRUSTEE.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 216.  Submitted March 15, 1912.—Decided April 1, 1912.

Controversies arising in bankruptcy proceedings, as distinguished from bankruptcy proceedings, are appealable to the Circuit Court of Appeals under the Court of Appeals Act of March 3, 1891.

A claim asserted against a bankrupt's estate not only for the amount thereof but for a lien therefor on the assets of the estate is a bankruptcy proceeding, and not a controversy arising from the bankruptcy proceeding, and an appeal by the trustee from the order allowing the claim and lien is under § 25a to the Circuit Court of Appeals.

One who is entitled under § 25a to an appeal to the Circuit Court of Appeals, is not also entitled to a review in the Circuit Court of Appeals by petition under § 24b.

Under § 24b, questions of law only are taken to the Circuit Court of Appeals, while under § 25 controversies of fact as well as of law are taken to that court, with findings of fact to be made therein if the case is to be taken to this court. *In re Mueller*, 135 Fed. Rep. 711, approved.

THE facts, which involve the construction of § 24a and b of the Bankruptcy Act of 1898, are stated in the opinion.

*Mr. James Denis Mocquot* for Loving.

*Mr. W. F. Bradshaw, Jr.*, for American-German National Bank.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here upon certificate from the Circuit Court of Appeals for the Sixth Circuit.

From the statement in the certificate preceding the
question asked of this court, it appears that Loving,
Trustee in bankruptcy of the Starks-Ullman Company,
filed a petition in the Circuit Court of Appeals to revise
in matter of law an order of the District Court adjudging
that the American-German National Bank of Paducah,
Kentucky, had a lien under the statutes of Kentucky
upon the property and effects of the bankrupt, in the
sum of $10,125 and interest. The facts are stated as
follows:

"On December 4, 1908, after the Saddlery Company
had been adjudged a bankrupt, and the cause had been
referred to the referee in bankruptcy, the bank filed be-
fore the referee its proof of claim, verified by its cashier,
in which it alleged that the bankrupt was indebted to it
in the sum of $11,125, evidenced by two notes, one for
$2,000 dated April 20, 1908, and due four months after
date, and the other for $8,000 dated July 25, 1908, and
due two months after date, each of which provided for a
reasonable attorney's fee, and executed by the bankrupt
for unmanufactured leather sold to it for use in carrying
on its manufacturing business. After setting forth the
nature of this indebtedness, the proof of claim concluded as
follows: 'Deponent says that  .  .  .  by and under the
provision of Sections 2487–2490 of the Kentucky statutes,
the claimant has a lien upon all the property and effects
of the bankrupt involved in its business, and upon all the
accessories connected therewith used in its business, to
secure the payment of its said indebtedness; and deponent
now asserts its claim and lien upon all such property and
effects to secure the payment of its said debt, including
interest upon the notes from maturity thereof, and an
attorney's fee as provided in said notes of 10 per cent.
for the collection thereof by legal process.'

"'Wherefore, the affiant prays that the claimant's
debt be allowed as a lien claim against the assets of

this bankrupt estate, and for all other proper and equitable relief.'

"The trustee in bankruptcy thereupon filed exceptions to the allowance of this claim in so far as it was made for any sum in excess of $10,000 at the time of the adjudication of bankruptcy, for various reasons set out in the exceptions, and also further objected and excepted to the allowance of any part of the said claim as a lien in favor of the bank against the estate of the bankrupt, for various reasons set forth in the exceptions. These exceptions of the trustee concluded as follows:

"'Wherefore, he prays that said claim be disallowed as a lien against the property of the aforesaid bankrupt, and that it be allowed as a general claim only for the sum of two thousand ($2,000) dollars, with interest from August 20, 1908; and for eight thousand ($8,000) dollars, with interest from September 25, 1908.'"

The referee, having heard the case upon an agreed statement of facts, ordered that the exceptions of the trustee be overruled, and the claim of the bank was established and allowed as a lien against the estate of the bankrupt. The trustee in bankruptcy thereupon filed his petition for review of the order of the referee in the District Court. The District Court affirmed the order of the referee and adjudged the claim to be in the amount found, with a lien for the security thereof, as reported by the referee. More than ten days thereafter, on June 30, 1909, the trustee in bankruptcy filed his petition for the revision of the order of the District Court in the Circuit Court of Appeals, his petition reciting:

"That said order was erroneous in matter of law in that it adjudged a dismissal of your petitioner's petition, and in that it adjudged that the American-German National Bank of Paducah, had any lien upon any of the property or effects of the aforesaid bankrupt by virtue of the statutes of the state of Kentucky in such

cases made and provided, or by virtue of any law or contract.

"Wherefore your petitioner, feeling aggrieved, because of such order, asks that the same may be revised in matter of law by this Honorable Court of Appeals of the United States for the Sixth Circuit, as provided in Section 24b of the bankruptcy law of 1898, and the rules and practice in such cases provided."

In this certificate it is said:

"In the brief filed in this court in behalf of the trustee in support of the petition, no question is made as to the allowance of the claim of the bank as a general claim against the bank(*rupt*), or as to its amount, the sole contention of the trustee on the merits being that the District Court was in error in matter of law in adjudging that under the Kentucky statutes the claim was secured by a lien upon the property and effects of the bankrupt."

The Circuit Court of Appeals propounds the question whether it has jurisdiction to revise the order of the District Court upon the petition for revision filed under § 24b of the Bankruptcy Act.

The Bankruptcy Act of 1898, § 24, gives appellate jurisdiction to the Circuit Court of Appeals and to this court of controversies arising in bankruptcy proceedings, and in paragraph b provides:

"The several circuit courts of appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

Section 25 provides for appeals and writs of error in bankruptcy proceedings to the Circuit Court of Appeals and to this court. These sections of the Bankruptcy Act were under consideration in this court in the case of *Coder* v. *Arts*, 213 U. S. 223, and it was there held that

controversies arising in bankruptcy proceedings, as distinguished from bankruptcy proceedings, were appealable to the Circuit Court of Appeals under the Court of Appeals Act of March 3, 1891 (26 Stat. 826, c. 517); that where a claim alleged to be secured by a lien upon the bankrupt's estate, was filed against a bankrupt for allowance, an appeal was given under § 25a to the Circuit Court of Appeals, as from a judgment allowing or rejecting a claim of $500 or over, and that from any final decision of the Circuit Court of Appeals allowing or rejecting a claim coming within § 25b a further appeal was given to this court. Under the decision of this court in that case there can be no doubt that the bank in this case instituted a proceeding in bankruptcy, which was appealable under § 25a to the Circuit Court of Appeals. The fact that after the adjudication of the claim the trustee made no objection to its allowance as a valid claim, but intended only to contest its validity as a lien upon the bankrupt's estate, made no difference as to the appellate character of the controversy. A bankruptcy proceeding was instituted as to the claim and its alleged lien, as distinguished from a controversy arising in a bankruptcy proceeding, and the appeal was under § 25a to the Circuit Court of Appeals. *Coder* v. *Arts, supra.*

The question now propounded is: Was the trustee also entitled to a review in the Circuit Court of Appeals under § 24b by petition for review? Under that section authority, either interlocutory or final, is given to the Circuit Court of Appeals to superintend and revise in matters of law the proceedings of the inferior courts of bankruptcy within their jurisdiction. We think this subdivision was not intended to give an additional remedy to those whose rights could be protected by an appeal under § 25 of the act. That section provides a short method by which rejected claims can be promptly reviewed by appeal in the Circuit Court of Appeals, and, in certain cases, in

this court.  The proceeding under § 24b, permitting a review of questions of law arising in bankruptcy proceedings, was not intended as a substitute for the right of appeal under § 25.  *Coder* v. *Arts, supra,* p. 233.  Under § 24b a question of law only is taken to the Circuit Court of Appeals; under the appeal section controversies of fact as well are taken to that court, with findings of fact to be made therein if the case is appealable to this court. We do not think it was intended to give to persons who could avail themselves of the remedy by appeal under § 25 a review by petition under § 24b.  The object of § 24b is rather to give a review as to matters of law, where facts are not in controversy, of orders of courts of bankruptcy in the ordinary administration of the bankrupt's estate.

In our judgment the rule was well stated in *In re Mueller,* 135 Fed. Rep. 711, by Mr. Justice Lurton, then Circuit Judge (p. 715):

"The 'proceedings' reviewable [under section 24b] are those administrative orders and decrees in the ordinary course of a bankruptcy between the filing of the petition and the final settlement of the estate, which are not made specially appealable under § 25a.  This would include questions between the bankrupt and his creditors of an administrative character, and exclude such matters as are appealable under § 24a."

We answer the question certified in the negative.