### In re STREATOR METAL STAMPING CO.

### AMERICAN WOOD WORKING MACHINERY CO. v. RASMUSSEN et al.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913.)

No. 1,919.

BANKRUPTCY (§ 440*)—REVIEW—PETITION FOR MECHANIC'S LIEN—"BANK-RUPTCY PROCEEDING"—"CONTROVERSY ARISING IN A BANKRUPTCY PRO-CEEDING."

    A claim against a bankrupt's estate and for a mechanic's lien therefor on the bankrupt's assets is a "bankruptcy proceeding," and not a "controversy arising in a bankruptcy proceeding"; and hence an order of the District Court denying an application for a lien was reviewable only by appeal, as provided by Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), and not by petition to revise in matter of law, under section 24b.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

    For other definitions, see Words and Phrases, vol. 1, pp. 703, 704.

    Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the Streator Metal Stamping Company, bankrupt. Original petition by the American Wood Working Machinery Company to review and revise an order of the District Court denying petitioner's application for a mechanic's lien on the bankrupt's assets, and sustaining the objections of Mark C. Rasmussen and A. L. Goetzmann, trustees in bankruptcy. Motion to dismiss the petition to review and revise sustained.

William C. Jones and John C. Farwell, of Chicago, Ill., for the motion.

Elmer H. Adams, Dwight S. Bobb, and Asa G. Adams, all of Chicago, Ill. (James B. Wescott, of Chicago, Ill., of counsel), opposed.

Before BAKER and KOHLSAAT, Circuit Judges, and ANDERSON, District Judge.

---

ANDERSON, District Judge. This is a petition to review and revise in matter of law an order of the District Court for the Northern District of Illinois, in bankruptcy. On motion to dismiss.

The petition to review and revise sets forth that on the 7th day of October, 1911, the Streator Metal Stamping Company, a corporation, was adjudged a bankrupt; that the cause was duly referred to the referee, and on November 7, 1911, the respondents were duly elected trustees of the estate of said bankrupt; that on the 7th day of November, 1911, the petitioner filed with said referee its petition, setting forth that the bankrupt was indebted to it in the sum of $2,845.15, for which it claimed a mechanic's lien, and prayed that it be adjudged to have such lien upon the property of the bankrupt; that on the 7th day of December, 1911, the trustees filed their answer to said petition, in which, among other things, they admitted that the said claim was due and owing to said petitioner by the bankrupt, but denied the right of petitioner to a mechanic's lien, and denied the right of petitioner to a preferred claim against the assets of said bankrupt; that a hearing was had before said referee upon said petition and answer, upon a stipulation of facts, and upon testimony and exhibits; that on May 12, 1912, the said referee filed his report and findings on said petition and answer; that said report and findings came on to be heard before the District Court upon a petition to review said findings, and on June 24, 1912, an order was entered by the court in said cause that the prayer of said petition for a mechanic's lien be denied, and that said petition be dismissed. The petition to review and revise then sets out the alleged errors of the court complained of by the petitioner, and concludes as follows:

"Your petitioner therefore prays that said order so entered by the District Court on the 24th day of June, A. D. 1912, be set aside and held for naught, and said order be reviewed and revised in matters of law, so as to adjudge your petitioner to have a lien for its said debt upon the property and assets of said Streator Metal Stamping Company, bankrupt, superior to the rights of other creditors, and that it may have such other proper equity and relief as to this court seems fit."

The trustees filed an answer in this court to the petition to review and revise, and asked that the petition be dismissed.

Section 24b of the Bankrupt Act provides:

"The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

Section 25a of the act provides:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Courts of Appeals of the United States, and to the Supreme Courts of the territories, in the following cases, to wit: * * *

"3. From a judgment allowing or rejecting a debt or claim of $500 or over."

Respondents insist that petitioner's remedy was by appeal, under section 25a, and not by petition to review and revise, under section

24b. In this contention respondents are fully sustained by two recent decisions of the Supreme Court.

In Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, it was held that where a creditor presents a claim to the trustee, joined with a statement that he has security upon the estate which it is his purpose to maintain and upon which he is entitled to priority, he institutes a proceeding in bankruptcy, as distinguished from a controversy arising in the course of bankruptcy proceedings, and an appeal lies to the Circuit Court of Appeals under section 25a.

And in Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725, it was held that a claim against a bankrupt's estate for the amount thereof and for a lien therefor on the assets of the estate is a bankruptcy proceeding, and not a controversy arising from the bankruptcy proceeding, and that as an appeal from an order allowing the claim and lien to the Circuit Court of Appeals is under section 25a, and that one who is entitled to an appeal under section 25a is not entitled to a review under section 24b.

The motion to dismiss the petition to review and revise should be sustained; and it is so ordered.