### In re BREYER PRINTING CO.

### BORLAND v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. August 12, 1914.)

#### No. 2084.

1. BANKRUPTCY (§ 440*)—REVIEW—"PROCEEDINGS IN BANKRUPTCY"—"CONTROVERSIES AT LAW AND IN EQUITY IN COURSE OF BANKRUPTCY PROCEEDINGS."

Bankr. Act July 1, 1898, c. 541, §§ 23-25, 30 Stat. 552, 553 (U. S. Comp. St. 1901, pp. 3431, 3432), relating to review of orders and judgments arising in the administration of a bankrupt's estate, create a clear distinction between "proceedings in bankruptcy," reviewable by petition to review and revise and "controversies at law and in equity arising in the course of bankruptcy proceedings," reviewable by appeal; proceedings in bankruptcy covering questions between the alleged bankrupt or the receiver or trustee on the one hand and the general creditors as such on the other, commencing with the petition for adjudication and ending with the discharge, including matters of administration generally, while controversies at law and in equity arising in the course of bankruptcy proceedings involve questions between the receiver or trustee, representing the bankrupt and his general creditors as such, on the one hand, and adverse claimants, on the other, concerning property in the possession of the receiver or trustee or of the claimants, to be litigated in appropriate plenary·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suits, and not affecting directly administrative orders and judgments, but only the extent of the estate to be distributed ultimately among general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

For other definitions, see Words and Phrases, Second Series, Controversy Arising in Bankruptcy Proceedings; Proceeding in Bankruptcy.

Appeal and review in bankruptcy cases; see note to In re Eggert, 43 C. C. A. 9.]

2 BANKRUPTCY (§ 440*)—LIENS—VALIDITY—DETERMINATION—PROCEEDINGS IN BANKRUPTCY—CONTROVERSY ARISING IN BANKRUPTCY PROCEEDINGS.

Petitioner, who was a bankrupt's landlord, having seized certain of the bankrupt's property for rent in arrear, after adjudication placed the property in the possession of the trustee, subject to petitioner's lien, if any, under an agreement that the property might be sold and that petitioner's right should attach to the proceeds, after which petitioner prayed for an order that the trustee be directed to pay the amount of petitioner's claim out of such proceeds. The trustee claimed title and right of possession in and to the distrained chattels superior to that of petitioner, and the referee rejected petitioner's asserted lien and found in favor of the trustee, which determination was confirmed by the district judge. *Held*, that such proceeding was not a proceeding in bankruptcy, reviewable by petition to review, but was rather a controversy arising in the course of bankruptcy proceedings, reviewable by appeal, and this notwithstanding the petition stated the amount of rent due from the bankrupt, and asked that the trustee be ordered to pay the amount thereof, and the referee gratuitously allowed the amount of rent and costs as a general claim against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

Petition to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy.

In the matter of bankruptcy proceedings of the Breyer Printing Company. An order was entered by the referee rejecting the claim of H. B. Borland to his asserted lien on the proceeds of certain chattels alleged to have been acquired by him under a distress warrant, but in the possession of the Central Trust Company of Illinois as the bankrupt's trustee, which order was affirmed by the District Judge, and petitioner files a petition to review and revise. On motion to dismiss. Granted.

Allen G. Mills, of Chicago, Ill., for petitioner.
Alvin H. Culver, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

BAKER, Circuit Judge. Respondent has interposed a motion to dismiss this petition to review and revise on the ground that the subject-matter is not within our jurisdiction under section 24b. Facts disclosed in the petition are these: On December 26, 1912, the Breyer Printing Company was adjudicated a bankrupt upon a petition of creditors filed on December 24, 1912, and the Central Trust Company was appointed receiver and afterwards was duly elected trustee. Petitioner leased certain premises to the Breyer Printing Company

on May 1, 1910, and claims that on December 1, 1912, there was rent due and unpaid to the extent of $1,666. On December 9, 1912, petitioner caused a distress warrant for that sum to be levied on certain chattels. From December 9 to December 27, 1912, these chattels were in the actual possession of petitioner under and by virtue of the distress warrant. On December 27, 1912, petitioner and the Central Trust Company entered into an agreement whereby the chattels were placed in the possession of the Central Trust Company subject to the lien and right of possession of petitioner, with the further stipulation that petitioner's right should attach to the proceeds if the chattels should be sold before petitioner's right was adjudicated. On January 10, 1913, petitioner filed in the District Court in bankruptcy his petition, in which he set out the foregoing facts respecting the lease, the seizure of chattels under the distress warrant, his possession thereunder, and his transfer of possession to the Central Trust Company under the recited agreement. The chattels in question were sold by the Central Trust Company for a sum in excess of the rent and costs due petitioner under the distress warrant. The prayer of the petition to the District Court was that the Central Trust Company as receiver and trustee should therefore be directed to pay to the petitioner the amount of her claim for rent and costs. The Central Trust Company answered the petition in the bankruptcy court by neither admitting nor denying the averments of the petition, and by affirmatively claiming title and right of possession in and to the distrained chattels superior to the right of petitioner; and the referee's order rejecting petitioner's asserted lien and finding title and right of possession in the trustee was confirmed by the District Judge.

[1] Sections 23, 24, and 25 of the Bankruptcy Act draw a clear line of demarcation between "proceedings in bankruptcy" and "controversies at law and in equity arising in bankruptcy proceedings." "Proceedings in bankruptcy" cover questions between the alleged bankrupt or the receiver or trustee of the bankrupt estate, on the one hand, and the general creditors, as such, on the other, commencing with the petition for adjudication, ending with the discharge, and including matters of administration generally, such as appointment of receivers and trustees, as well as examinations, exemptions, allowance and disallowance of claims, and the like, all of which naturally occur in the settlement of the estate. "Controversies at law and in equity arising in the course of bankruptcy proceedings" involve questions between the receiver or trustee representing the bankrupt and his general creditors, as such, on the one hand, and adverse claimants on the other, concerning property in the possession of the receiver or trustee or of the claimants, to be litigated in appropriate plenary suits, and not affecting directly administrative orders and judgments, but only the extent of the estate to be distributed ultimately among general creditors. Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725; United States Fidelity Co. v. Bray, 225 U. S. 205, 217, 32 Sup. Ct. 620, 56 L. Ed. 1055; In re Mueller, 135 Fed. 711, 68 C. C. A. 349; In re Friend, 134 Fed. 778, 67 C. C. A. 500.

[2] Did the landlord's petition in the bankruptcy court institute a

"proceeding in bankruptcy" of an administrative character, or did it present a "controversy arising in the course of bankruptcy proceedings" in the nature of a suit in equity? If of the former class, our jurisdiction to review would attach under section 24b or 25a as might be appropriate to the particular proceeding in bankruptcy. If of the latter class, our jurisdiction could be invoked only under section 24a. For a defeated party is not at liberty to disregard the appropriate appellate remedy provided for his case and choose some other that may better suit his inclination or convenience. Matter of Loving, 224 U. S. 187, 32 Sup. Ct. 446, 56 L. Ed. 725; United States v. Beatty, 232 U. S. 463, 34 Sup. Ct. 392, 58 L. Ed. 686; In re Friend, 134 Fed. 778, 780, 67 C. C. A. 500. And this remains true although the appellate court may allow a writ of error which is addressed to questions of law involved in a "proceeding in bankruptcy" to stand as a petition to review and revise, since both are ranged on the same side of the demarcating line and the methods are substantially alike. Freed v. Central Trust Co., 215 Fed. 873, 132 C. C. A. 7.

If a creditor files and asks the allowance of a claim as an unsecured creditor, he plainly institutes a "proceeding in bankruptcy." And if in connection with the presentation of such a claim he asserts grounds why in the distribution of the proceeds of the estate he should be given priority over other general creditors (as in Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725; In re Streator Metal Stamping Co., 205 Fed. 280, 123 C. C. A. 444), the matter so presented nevertheless remains a "proceeding in bankruptcy." And even if the trustee in his answer admits and allows the general claim and contests only the creditor's right to priority, the nature of the proceeding is not affected. Loving and Streator Cases, supra. On the other hand, it is clear that if a claimant is in possession of chattels under a bill of sale or mortgage, and if subsequent to his possession a petition in bankruptcy is filed and an adjudication in bankruptcy had against his grantor or mortgagor, and if thereafter the receiver or trustee of the bankrupt estate disputes the holder's right of possession, a controversy arises which is outside of the matter of the administration of the bankrupt estate. The property in question has not come into the custody of the bankruptcy court or of the receiver or trustee under and by virtue of the adjudication. If the holder maintains his possession and the trustee is compelled to bring a suit against him either in the bankruptcy court or some other court to cancel the alleged title or lien and to recover the property, the resulting order or decree could not be reviewed under 24b or 25a for the reason that the proceeding resulting in such order or decree was not a "proceeding in bankruptcy" within the administration of the estate. And the essential nature of the controversy respecting the holder's title or lien cannot, in our opinion, be affected by the question whether the suit to determine the validity of the alleged title or lien is begun by the petition or bill of the trustee or of the adverse claimant. Where the adverse claimant in possession of chattels turns them over to the trustee subject to his rights, for the purpose of having the

bankruptcy court adjudicate his rights upon his petition, the property, though then in the possession of the trustee, has not come into the hands of the trustee under and by virtue of the adjudication, and the controversy is no less a controversy between the trustee and an adverse claimant than it would be if the claimant had retained possession and compelled the trustee to take the initiative. This must be so, because even where the property has been received by the trustee directly from the bankrupt under and by virtue of the adjudication, it is authoritatively held that the petition of one who asserts a right of possession, either by virtue of a title or by virtue of a lien, presents a "controversy" as distinguished from a "proceeding in bankruptcy." Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; Knapp v. Milwaukee Trust Co., 216 U. S. 553, 30 Sup. Ct. 412, 54 L. Ed. 610.

Against the conclusion that the order or decree of the bankruptcy court was made in the settlement of a "controversy" between the trustee and an adversary who claimed a lien upon and right of possession of specific chattels, it is urged that the claimant's pleading should be construed as a presentation of a claim of a general creditor for allowance, accompanied by a statement of grounds why he should be given priority in the ultimate distribution of assets over other general creditors. Counsel insist that this construction of the pleading is permissible because it contains a statement of the amount of rent due from the bankrupt and asks that the trustee be ordered to pay the amount thereof. But no adverse claimant could set up his right in and to certain specific chattels under his lien without disclosing the fact and amount of the debt secured by the lien. And the petition in this case, as in every such case, asks a mandate upon the trustee to pay money only in the event that the specific chattels have been sold pending the determination of the adverse claimant's rights.

Inasmuch as the adverse claimant's petition and the trustee's answer formulated only an issue concerning the title and right of possession of certain chattels (or the proceeds of sale in lieu thereof), the fact that the referee gratuitously allowed the amount of rent and costs as a general claim cannot convert the "controversy" into a "proceeding in bankruptcy." The only matter taken from the referee to the District Judge was the issue in the equitable controversy; and the correctness of the decree on that issue is not determinable by us under section 24b.

The petition to review and revise is therefore dismissed for lack of jurisdiction.