## BARTON LUMBER & BRICK CO. v. PREWITT.

### In re YOUNG COMMISSION CO.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1916.)

#### No. 4508.

BANKRUPTCY &⇒461—APPEALS—"PROCEEDING IN BANKRUPTCY"—"CONTROVERSY IN BANKRUPTCY."

A petition by an intervener in bankruptcy proceedings, claiming an equitable right to a portion of the money, received by the trustee for a contract completed by a state receiver before the petition in bankruptcy was filed, equal to the amount of the material furnished by the intervener for the completion of the building, recognized the title of the trustee to the fund, and is a "proceeding in bankruptcy," within Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609), providing that appeals may be taken in bankruptcy proceedings from a judgment allowing or rejecting a debt or claim of $500 or over, provided it be taken within 10 days after the judgment appealed from has been rendered, and not a "controversy in bankruptcy," within section 24a, giving appellate jurisdiction over such controversies under which an appeal may be taken within 6 months.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920-923; Dec. Dig. &⇒461.

For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceeding; Controversy Arising in Bankruptcy Proceedings.]

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

In the matter of the Young Commission Company, bankrupt. From an order denying a petition by the Barton Lumber & Brick Company against W. W. Prewitt, as trustee in bankruptcy, to recover the value of materials furnished the bankrupt, the petitioner appeals. Appeal dismissed.

Baker & Sloan, of Jonesboro, Ark., for appellant.

J. R. Turney, of Jonesboro, Ark., for appellee.

Before ADAMS and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. Prior to the institution of proceedings in bankruptcy against it, the Young Commission Company brought a suit in the chancery court of Mississippi county, Ark., to protect itself against certain threatened suits by its creditors, in which Hugh Wells was appointed receiver, and directed by the order of appointment—

---

"to take charge of all assets of said company, to collect outstanding accounts, defend any suit now pending against said company, make an inventory of all the assets of said company, and in general to protect and preserve the assets of said company, subject to the orders of the chancellor from time to time, with a view to the best interests of all parties concerned therein."

Afterwards, on March 23, 1914, Wells, the receiver so appointed, ordered from the Barton Lumber & Brick Company, appellant herein, certain lumber, amounting in value to $363.49, for the purpose of completing a certain contract for the construction of a building in Osceola, Ark., for one Patterson, which the Young Commission Company had, before its bankruptcy, contracted to build.

On April 18, 1914, an involuntary petition in bankruptcy was filed against the Young Commission Company, upon which it was duly adjudicated a bankrupt, and the appellee, Prewitt, chosen as its trustee. The trustee collected from Patterson the full amount of the contract price for the construction of the building by the bankrupt, which amounted to $716, and this amount was deposited by him in the bank with other funds belonging to the bankrupt estate, and was checked against by the trustee from time to time in payment of costs and claims adjudged to be entitled to priority, and for other purposes. By payments made in this way the fund was reduced to $100. Subsequently the trustee collected other moneys and has sufficient on hand in this commingled account to pay the appellee's claim, if ordered to do so.

The appellant, having never been paid the amount due it for the lumber sold to Wells, the state receiver, filed a petition in intervention in the bankruptcy case as an adverse claimant, setting up the facts already detailed, and claimed that the collection by the trustee of the amount of the contract price for constructing Patterson's building, including the value of the lumber, furnished to receiver Wells by the Barton Lumber & Brick Company, conferred upon it a superior right to so much of the money in the hands of the trustee as was necessary to pay its claim for the lumber furnished to Receiver Wells. It thereby recognized the title to and possession of the fund by the trustee, and asserted its rights to have it so administered or distributed as to recognize its equitable right thereto, to the extent of its claim of $363.49.

On April 17, 1915, the District Court made an order allowing to the intervener the sum of $100, the lowest balance left in the bank in the commingled fund, as a preferred claim, but disallowed the balance. On April 17, 1915, appellant filed its assignment of error, and on June 18, 1915, it perfected its appeal by giving the required bond and securing an order granting the appeal.

From these dates it appears that the appeal was not taken within 10 days after the judgment rejecting the claim, as made, was rendered. Neither did the amount involved aggregate the sum of $500, or over, as required by section 25 (a), to confer the right of appeal thereby conferred. But appellant contends that section 25 (a) concerning *proceedings* in bankruptcy is not applicable to this case, but that the appeal was taken under and in accordance with the provisions of section 24 (a), which permits appeals in *"controversies arising in*

*bankruptcy proceedings*" at any time within 6 months from the order appealed from regardless of the amount involved.

The question thus arises whether the intervening petition of appellant was a *proceeding in bankruptcy,* or a *controversy arising in bankruptcy proceedings,* within the meaning of those sections. An examination of the intervening petition discloses, as already indicated, that the appellant recognized the title to and possession of the fund in the trustee for administration under the orders of the bankruptcy court, and asserted its right to have it so administered or distributed as to recognize its equitable title to the fund, at least to the extent of its claim of $363.49. This, on the authority of Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, constituted a *proceeding in bankruptcy,* as distinguished from a *controversy arising in bankruptcy proceedings,* within the meaning of sections 25 (a) and 24 (a), respectively, and as such *proceeding* it was subject to the provisions of section 25 (a), and should have been appealed if at all, in accordance with its provisions.

Because the amount involved was not $500, or over, and because the appeal was not taken within 10 days after the judgment appealed from was rendered, the appeal was improvidently allowed, and, on the authority of Coder v. Arts, must be dismissed.

It is so ordered.