power of the Interstate Commerce Commission, under the Interstate Commerce Act (Comp. St. § 8563 et seq.), to validate corporate securities which are ultra vires the corporate power as fixed by the laws of the state of organization, will turn out to be the controlling question in the case. Even if this conclusion were expressly stated on the face of the petition, it would be only an anticipation of the defense that the federal law justified the defendant in doing what the Ohio laws forbade, and the case would be, as we think it is, most expressly ruled by the Louisville-Mottley and the Taylor-Anderson Cases, supra.

The order appealed from must be reversed, and the case remanded. with instructions that the court below in turn remand it to the state court.

---

## ABERCROMBIE v. BRINKMAN.

### In re CITY ELECTRIC COMPANY.

(Circuit Court of Appeals, Fourth Circuit. November 6, 1923.)

No. 2105.

1. **Equity ⬅=56—Substance, and not form, determines nature of transaction.**

In a court of equity the substance, and not the form, determines the nature of a transaction.

2. **Bankruptcy ⬅=154—Bankrupt held to owe money to indorser of note entitling him to set-off.**

Where indorser of note of an insolvent partner, whose name counted for nothing, procured money from a bank and turned it over to the partner for use in the partnership business, the partnership and a bankrupt corporation taking over its business and assuming its obligations owed the indorser the amount of money advanced, and he could set it off against a claim for services rendered by the corporation, under Bankruptcy Act, § 68 (Comp. St. § 9652).

3. **Bankruptcy ⬅=439—Petition to superintend and revise held proper remedy when claim sought to be set off rejected.**

Where claim sought to be set off under Bankruptcy Act, § 68 (Comp. St. § 9652), against a smaller claim of the bankrupt, was rejected, and the facts were not in dispute, the case was properly taken to the Circuit Court of Appeals by petition to superintend and revise, under sections 24, 25 (Comp. St. §§ 9608, 9609).

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Northern District of West Virginia, at Wheeling, in Bankruptcy; Wiliam E. Baker, Judge.

In the matter of the estate of the City Electric Company, bankrupt; Fred H. Brinkman, trustee. Petition by C. H. Abercrombie, to superintend and revise, in matter of law, an order rejecting a claim. Order reversed.

Riley & Riley, of Wheeling, W. Va., for petitioner.
A. E. Bryant, of Wheeling, W. Va., for respondent.

Before WOODS and WADDILL, Circuit Judges, and WEBB, District Judge.

---

⬅=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODS, Circuit Judge. In December, 1920, the City Electric Company was a partnership composed of W. E. Rodenback and W. H. Marshall doing business in Wheeling, W. Va. At that time the partnership owed to Post-Glover Electric Company and others debts amounting to about $500 which it was unable to pay. The petitioner, C. H. Abercrombie, had no interest in the business, but for the accommodation of Rodenback, his son-in-law, he procured a loan of $500 on the note of Rodenback with his own indorsement. Rodenback used the money to pay the debts of the partnership. The note is still held by the bank which made the loan. In February, 1921, the business was incorporated under the same name, the corporation taking the assets and assuming the liabilities. At that time the partnership was insolvent and $2,800 new capital was put in. On a voluntary petition filed in November, 1921, the corporation was adjudged bankrupt.

The corporation did work for Abercrombie amounting to about $544.36. Credits reduced the amount to $217.80. Before the petition in bankruptcy was filed the City Electric Company gave a receipt in full for the entire bill. The balance of $217.80 was not actually paid, but it was agreed that it should be credited on the debt of $400 represented by the balance due on the note which Abercrombie had signed, and upon which he had procured the $500 used by the partnership in payment of its debts. In the bankrupt schedule the balance of $217.80 was set down as a debt due by Abercrombie.

Abercrombie sets up in his petition that before the bankruptcy he owed the corporation $217.80 for work done, that the corporation owed him $400 balance on the $500 procured by him on the note of $500, and that he is entitled to prove his claim for the difference between $400 owing him and $217.80 owed by him to the bankrupt. His claim was disallowed, and he was adjudged to be indebted to the bankrupt in the sum of $217.80.

Section 68 of the bankruptcy statute (Comp. St. § 9652) provides:

"a. In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

"b. A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate; or (2) was purchased by or transferred to him after the filing of the petition, or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent, or had committed an act of bankruptcy."

[1, 2] The case turns on the question whether the bankrupt corporation owed Abercrombie $400, the balance of the $500 borrowed on the note of Rodenback and Abercrombie and used by the bankrupt. It is true that on the face of the transaction Abercrombie was only an indorser of the note. But in a court of equity the substance and not the form determines the nature of the transaction. Rodenback was insolvent, and his name counted for nothing on the note. The testimony is undisputed that Abercrombie, not Rodenback, procured the money from the bank, and that he turned it over to Rodenback, the active partner, for use in the partnership business, and that Rodenback so used it. Under these conditions clearly the partnership owed

Abercrombie the money so advanced to it. When the corporation took over the assets and assumed the liabilities it made itself liable for the debt to Abercrombie. All the evidence on the subject was to the effect that Rodenback, the manager of the corporation, agreed that the account against Abercrombie for work should be credited on the debt to him represented by the note. There is no imputation of bad faith in the evidence or the argument.

Since the undisputed evidence shows that Abercrombie owed the bankrupt $217.80 and the bankrupt owed him $400, it follows that Abercrombie had the right to set off one debt against the other, and prove his claim for the difference.

[3] The case is properly here on a petition to superintend and revise. It does not involve a controversy arising in bankruptcy proceedings appealable under section 24 (section 9608). Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008. The claim rejected was not over $500, and therefore its rejection could not be brought up by appeal under section 25 (section 9609). The facts were not in dispute. The claim was under $500, and it follows the order of the court rejecting it is reviewable only by petition to superintend and revise. Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725.

The order of the District Court rejecting the claim of the petitioner is reversed.

Reversed.