In re CONVISSER.

NEWMAN v. CLAUSSEN.

(Circuit Court of Appeals, Ninth Circuit. June 15, 1925.)

No. 4507.

1. Bankruptcy ⊗➔440—Mode of review by petition to revise.

An order of the bankruptcy court holding a transfer by bankrupt to a creditor invalid under the laws of the state held not appealable, but reviewable only on petition to revise.

2. Bankruptcy ⊗➔184(1)—Pledge by bankrupt of stock in trade, without previous notice, held invalid under California statute.

Civ. Code Cal. § 3440, providing that the sale, transfer, or assignment of a stock in trade in bulk or a substantial part thereof, shall be void as against existing creditors unless notice thereof shall be recorded at least seven days prior to the transfer, makes no distinction between a transfer accompanied by a change of possession and transfers which are not, and a pledge of a substantial part of his stock in trade by a bankrupt is within the statute.

Appeal from and Petition to Revise, in Matter of Law, an Order of the District Court of the United States for the Southern Division of the Northern District of California.

In the matter of Abraham L. Convisser, doing business as the California Plate Window Glass Company, bankrupt; C. G. Claussen, Trustee. From an order holding a pledge to him invalid, George Newman appeals, and also brings petition to revise. Appeal dismissed, and petition to revise denied.

On January 8, 1924, A. L. Convisser made, executed, and delivered to George Newman his promissory note for the sum of $11,000, payable three months after date, with interest at the rate of 6 per cent. per annum from date of maturity until paid. On the same day Convisser, as party of the first part, with Newman as party of the second part, executed a written agreement, which is the subject-matter of controversy in the present case. The agreement recites the loan of the money and the desire to give security, and continues:

"New, therefore, for and in consideration of the premises and of the sum of one dollar, lawful money of the United States, to the second party in hand paid by the first party, the receipt whereof is hereby acknowledged, the first party hereby conveys, transfers, and delivers to the second party twenty-two hundred boxes of window glass, which the first party hereby repre-

6 F.(2d)—12

sents is of the value of twelve thousand five hundred dollars, wholesale cost, and that said sum of twelve thousand five hundred dollars represents the cost price to him, which glass is now stored and located in the warehouse, situated on the premises known and designated as Nos. 1471–1473 Eddy street, San Francisco, California. It is understood and agreed that said glass may be withdrawn by said first party only upon the written order of said second party, who reserves to himself the sole and exclusive access to said warehouse and to said glass. The first party further undertakes and agrees to pay for all policies of insurance, covering loss by fire or burglary, which may be obtained by said second party in connection with the proper protection against loss of such property. It is further understood and agreed that, should said first party pay and discharge the said note, together with all the interest incurred and any charges accruing in connection therewith, at the times and in the manner in said note and herein required, then and in that case the second party will reconvey to said first party all of the chattels aforesaid remaining at the time of the full and complete liquidation of said note, and other charges as aforesaid; otherwise, the title to said property shall continue in said second party, with full power of disposition upon default."

Shortly after the execution of the agreement, Convisser left for parts unknown and was adjudged a bankrupt. A controversy thereupon arose between Newman and the trustee in bankruptcy over the title to the glass. The referee in bankruptcy, to whom the matter was referred, found, among other things, that the property thus transferred was a substantial part of the stock in trade of the bankrupt, and that the transfer was void under section 3440 of the Civil Code of California, because the requisite notice of the transfer was not recorded. The section in question provides as follows:

"Provided, also, that the sale, transfer or assignment of a stock in trade, in bulk, or a substantial part thereof otherwise than in the ordinary course of trade and in the regular and usual practice and method of business of the vendor, transferor, or assignor, and the sale, transfer, assignment or mortgage of the fixtures or store equipment of a merchant, will be conclusively presumed to be fraudulent and void as against the existing creditors of the vendor, transferor, assignor or mortgagor, un-

less at least seven days before the consummation of such sale, transfer, assignment or mortgage the vendor, transferor, assignor or mortgagor, or the intended vendee, transferee, assignee, or mortgagee, shall record in the office of the county recorder in the county or counties in which the said stock in trade, fixtures or equipment are situated a notice of said intended sale, transfer, assignment or mortgage, stating the name and address of the intended vendor, transferor, assignor or mortgagor, and the name and address of the intended vendee, transferee, assignee or mortgagee, and a general statement of the character of the merchandise or property intended to be sold, assigned, transferred, or mortgaged, and the date when and the place where the purchase price or consideration, if any there be, is to be paid."

The decision of the referee was approved by the District Judge, and the case has been brought here by appeal and by petition for revision.

Edgar C. Levey, of San Francisco, Cal., for appellant.

Brownstone & Goodman, of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1] As already stated, the case is before this court both on appeal and on petition for revision, and the parties have discussed the testimony as though the case were properly here on appeal. But it is well settled that the order in question is an administrative order in the ordinary course of bankruptcy between the filing of the petition and the final settlement of the estate, and is not appealable. In re Loving, 224 U. S. 183, 32 S. Ct. 446, 56 L. Ed. 725; In re Mueller, 135 F. 711, 68 C. C. A. 349; In re Patterson-MacDonald Shipbuilding Co. (C. C. A.) 288 F. 546; In re Irving Whitehouse Co. (C. C. A.) 293 F. 287. The appeal is therefore dismissed and our jurisdiction on revision is limited to matters of law.

[2] Section 2955 of the Civil Code prohibits the mortgage of the stock in trade of a merchant, and section 3440 prohibits the sale, transfer, or assignment in bulk of the stock in trade, or a substantial part thereof, without first giving or recording the notice therein prescribed. The manifest purpose of these provisions was to protect the stock in trade against liens and transfers of every kind for the benefit of general creditors. But, notwithstanding these express statutory prohibitions, the petitioner earnestly insists that a merchant may still pledge the whole, or a substantial part of his stock in trade, because a pledge is not a sale, transfer, or assignment, within the meaning of the law. With this contention we are unable to agree. As already stated, we think it was the plain purpose of the Legislature to prohibit liens and transfers of every kind of the merchant's stock in trade, and that the language employed was ample for that purpose. While section 1039 defines a transfer as an act of the parties, or of the law, by which the title to property is conveyed from one living person to another, section 2924 defines a pledge as follows:

"Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge."

A pledge is therefore a transfer of personal property accompanied by an actual change of possession, and section 3440 makes no distinction between transfers accompanied by a change of possession and transfers which are not. So far as we are advised, this particular provision of section 3440 has never been construed by the Supreme Court of the state, but the decisions of that court on kindred questions are in harmony with the views we have expressed. Thus in Dubois v. Spinks, 114 Cal. 289, 46 P. 95, the court said: "It makes no difference whether the transaction be a sale or a pledge, since, in either case, it is a 'transfer of personal property,' in the sense of the statute." See, also, Scholle v. Finnell, 173 Cal. 372, 159 P. 1179.

For these reasons we are of opinion that the pledge or transfer in question was void as against creditors, and the petition for revision is therefore denied.