## FOSTER v. McMASTERS.[*]

(Circuit Court of Appeals, Eighth Circuit. October 18, 1926.)

No. 7071.

**1. Bankruptcy ⟲455.**

Order confirming order of referee in bankruptcy, disallowing in part claim against bankrupt's estate and alleged accompanying lien, is appealable.

**2. Bankruptcy ⟲461.**

Right to appeal from order of referee in bankruptcy, if once lost, cannot be revived by petition for rehearing.

**3. Bankruptcy ⟲455.**

Order denying petition for rehearing after order of bankruptcy referee is confirmed is not appealable.

**4. Bankruptcy ⟲461.**

Time for taking appeal under Bankruptcy Act, § 24a (Comp. St. § 9608), relating to reviewing "controversy arising in bankruptcy proceedings," is governed by law regulating appeals generally.

**5. Bankruptcy ⟲440.**

In determining whether proceeding is "proceeding in bankruptcy," within Bankruptcy Act, § 25a (Comp. St. § 9609), or "controversy arising in bankruptcy proceedings," within section 24a (Comp. St. § 9608), as regards right of appeal, it is not material whether claimant or trustee instituted proceeding.

*Rehearing denied January 19, 1927.

**6. Bankruptcy ⟨key⟩440—Existence of lien held merely incidental in controversy as to amount of tax claim against bankrupt's property, and final determination appealable as "proceeding in bankruptcy," and not as "controversy arising in bankruptcy proceedings" (Bankruptcy Act, §§ 24, 25a, 64 [Comp. St. §§ 9608, 9609, 9648]).**

Where issues were amount of claim for taxes assessed against bankrupt's land by purchaser of bankrupt's property at tax sale or county treasurer, and existence of tax lien in purchaser's favor, *held* that, in view of Bankruptcy Act, § 64 (Comp. St. § 9648), lien was merely incidental, and final determination was appealable as "proceeding in bankruptcy," under section 25a (Comp. St. § 9609), and not as "controversy arising in bankruptcy proceeding," under section 24 (Comp. St. § 9608), and 10-day limitation of section 25a applied.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings; Second Series, Controversy Arising in Bankruptcy Proceedings.]

**7. Bankruptcy ⟨key⟩461—Ten-day limitation for appealing in "proceedings in bankruptcy" cannot be extended under statute relating to "controversies arising in bankruptcy proceedings" (Bankruptcy Act, §§ 24a, 24b, 25a [Comp. St. §§ 9608, 9609]).**

Bankruptcy Act, § 24a (Comp. St. § 9608), relates solely to appeals in "controversies arising in bankruptcy proceedings," and not to appeals in "proceedings in bankruptcy," which are reviewable only under section 25a (Comp. St. § 9609), bringing up questions of law or fact, or under section 24b (Comp. St. § 9608) bringing up question of law alone, and 10-day limitation on appeal in section 25a cannot be extended by resorting to section 24b.

**8. Bankruptcy ⟨key⟩464.**

Appeal in bankruptcy proceedings will be dismissed, where no assignment of errors was filed as required by Circuit Court of Appeals rule 11.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

In the matter of John H. Rebold, bankrupt, in which D. H. McMasters was appointed trustee in bankruptcy. From an order of the District Court, confirming an order of the referee in bankruptcy, disallowing in part his claim against bankrupt's estate, together with an alleged lien, W. C. Foster appeals. Appeal dismissed.

James S. Twyford, of Oklahoma City, Okl. (Solon W. Smith, of Oklahoma City, Okl., on the brief), for appellant.

Ephraim H. Foster, of Muskogee, Okl., for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. Appellant seeks reversal of an order of the District Court, approving and confirming an order of the referee in bankruptcy, which disallowed in part his claim against the estate of the bankrupt, together with an alleged accompanying lien. The salient facts are as follows:

July 3, 1922, John H. Rebold was adjudicated a bankrupt under an involuntary petition filed April 13, 1922. On both dates he was the owner of three parcels of land in Okmulgee county, Okl. A trustee was elected August 5, 1922, who qualified August 24, 1922, and took possession of the land. On November 2, 1921, the county treasurer of Okmulgee county, had sold one of the parcels of land (which for short may be called the first parcel) for delinquent taxes. Appellant, Foster, was the purchaser, paying the sum of $353.82, being the taxes assessed against the property for the year 1920 plus a penalty of 18 per cent. per annum from date of delinquency to date of sale. Thereupon tax certificate No. 2015 was issued to Foster.

April 24, 1922, subsequent to the filing of the creditors' petition, Foster paid delinquent taxes on the property for the year 1921 in the sum of $644.31, and caused said amount to be indorsed on his certificate. Said amount was made up of the taxes assessed for the year 1921, plus penalty of 18 per cent. per annum from date of delinquency until date of indorsement.

March 15, 1923, Foster paid delinquent taxes for the year 1922 in the sum of $560.-36, and caused said amount to be indorsed upon his certificate. This amount was also made up of the taxes assessed against the property for the year 1922, plus penalty of 18 per cent. per annum from date of delinquency until date of indorsement.

The second and third parcels of land were sold subsequent to bankruptcy for delinquent taxes. Foster became the purchaser, received similar certificates, and caused the amounts of subsequent delinquent taxes paid by him to be indorsed thereon. The 18 per cent. per annum penalty was included in each of the payments. All of the sales subsequent to bankruptcy were made without leave of the bankruptcy court.

On February 16, 1924, the trustee in bankruptcy filed with the referee in bankruptcy a petition alleging that the trustee had made tender to the county treasurer on August 6, 1923, of the amount of all the taxes assessed on the several parcels with interest at the legal rate of 6 per cent.; that the

county treasurer refused to accept the amount, stating that the land had been sold for taxes, and that he had no authority to accept any sum less than the amount of the taxes plus the 18 per cent. per annum penalty from date of delinquency. The petition prayed that the trustee be authorized to redeem the land by paying the taxes assessed, with interest at 6 per cent. from date of delinquency, and further prayed that the county treasurer and Foster, the owner of the tax certificates, be ordered to show cause why the trustee should not be allowed to redeem on payment of the taxes and interest. Order to show cause issued, requiring the county treasurer and Foster to appear and present whatever claim or lien they had against the real estate on account of the assessments or sales for taxes, and to show cause why the trustee should not redeem on payment of whatever sum might be justly due on account of the taxes assessed. The cited parties appeared. Foster interposed an answer. Hearing was had. Evidence was introduced.

The referee made findings of fact substantially as above set forth. As conclusions of law he held that tax certificate No. 2015 on the first parcel was valid; that the trustee should pay the amount, $353.82 (the amount of the tax for 1920, plus penalty of 18 per cent. per annum from date of delinquency to date of sale), with interest at 6 per cent. from date of certificate to date of payment; that such payment should be to the county treasurer for the benefit of the certificate holder; that the indorsements on said certificate, being subsequent to bankruptcy, were void; that payment should be made by the trustee to the county treasurer of the amount of the taxes for 1921 and 1922, with 6 per cent. interest from dates of delinquency until the date of payment. The referee further held that the certificates covering the second and third parcels and the indorsements thereon were void; that the trustee should pay the county treasurer the several amounts of taxes assessed, with interest at 6 per cent. from date of delinquency to date of payment. The referee further held that the indorsements on tax certificate No. 2015, the other tax certificates, and the indorsements thereon, should all be canceled and set aside, and that Foster should surrender the certificates and indorsements for such cancellation.

May 3, 1924, petition for review was filed on behalf of Foster and the county treasurer. October 8, 1924, the order of the referee was confirmed. November 3, 1924, motion for rehearing was filed. March 19, 1925, the same was "denied and dismissed."

15 F.(2d)—48

[1-3] The record contains no petition for appeal, and no order allowing an appeal; but it is the contention of appellant that this omission is not of vital importance, in view of the fact that the citation was signed by the judge. We shall assume, but without so deciding, that the contention is correct. Nevertheless the omission leaves the record uncertain whether appellant has intended to appeal from the order of October 8, 1924, confirming the order of the referee, or from the order of March 19, 1925, denying and dismissing the petition for rehearing. The order of October 8, 1924, was appealable, but the right of appeal, once lost, could not be revived by a petition for rehearing (Rode & Horn v. Phipps, 195 F. 414, 115 C. C. A. 316; In re Thompson [C. C. A.] 264 F. 913), and no appeal lies from an order denying a petition for rehearing (Conboy v. First Nat. Bank of Jersey City, 203 U. S. 141, 145, 27 S. Ct. 50, 51 L. Ed. 128). The citation bore date April 8, 1925.

At the outset we are met by a motion to dismiss the appeal on two grounds: (1) That said appeal was not taken or allowed within the time provided by law; (2) that no assignment of errors was filed, as provided by rule 11 of this court.

The first ground raises the question: What section of the Bankruptcy Act governed the taking of the appeal? Appellant contends that section 24 (Comp. St. § 9608) controlled; appellee contends that section 25a (Comp. St. § 9609) controlled.

In Coder v. Arts, 213 U. S. 223, 233, 29 S. Ct. 436, 440 (53 L. Ed. 772, 16 Ann. Cas. 1008), the court, speaking of appeals under these two sections, said:

"* * * The mode of appeal in a given case depends upon the character of the proceeding. And the question to be solved in such cases is: Does the case present a proceeding in bankruptcy or is it a controversy arising in bankruptcy proceedings?"

Section 25a reads as follows:

"Sec. 25. *Appeals and Writs of Error.* —(a) Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the territories, in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been

rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

This section deals with appeals taken in "proceedings in bankruptcy," as distinguished from appeals in "controversies arising in bankruptcy proceedings," and the time limit for appeal in the three classes mentioned in the section is exclusively controlling.

[4] The time for taking appeals under section 24a is governed by the law for the regulation of appeals generally. Steele v. Buel, 104 F. 968 (C. C. A. 8), 44 C. C. A. 287; Dodge v. Norlin, 133 F. 363 (C. C. A. 8), 66 C. C. A. 425.

The question therefore arises: Was the order appealed from made in a "proceeding in bankruptcy," or in a "controversy arising in bankruptcy proceedings"?

[5, 6] In determining whether a particular proceeding is a "proceeding in bankruptcy," or a "controversy arising in bankruptcy proceedings," it is not of material importance who instituted the proceeding, whether claimant or trustee. Moody v. Bank, 239 U. S. 374, 377, 36 S. Ct. 111, 60 L. Ed. 336.

The main issue involved in the hearing initiated before the referee was as to the amount of the claim of Foster or the county treasurer, or both, for taxes assessed against the land of the bankrupt. That there were unpaid taxes against the land was admitted, but the difference between the amount admitted by the trustee and the amount claimed by the county treasurer and Foster was about $800.

It is contended by appellant that the main issue before the referee was as to the existence of a lien in favor of Foster by virtue of his tax certificates. We cannot agree with this contention. Section 64a of the Bankruptcy Act (Comp. St. § 9648) reads:

"Sec. 64. *Debts Which Have Priority.*— (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

This section provides for the payment of taxes in advance of payment to creditors, whether the taxes constitute a lien or not. The lien in the instant case was therefore merely incidental. Where a lien is incidental

to the debt or claim owing by the bankrupt which is in dispute, and the amount involved is $500 or over, the appeal for final determination both of the amount of the claim and the validity of the lien is to be taken under section 25a. Remington on Bankruptcy (3d Ed.) § 3681.

In Matter of Loving, 224 U. S. 183, 32 S. Ct. 446, 56 L. Ed. 725, the issue before the referee was as to the amount of a bank's claim, and also whether the bank was entitled to a lien on the bankrupt's property. The referee and the District Court both held in favor of the bank. Thereupon the trustee in bankruptcy abandoned further contest as to the amount of the claim, but undertook by petition to revise, under section 24b, to review the action of the court. The Supreme Court held that the case was one reviewable only by appeal under section 25a.

In Coder v. Arts, 213 U. S. 223, 235, 29 S. Ct. 436, 441 (53 L. Ed. 772, 16 Ann. Cas. 1008), the issue before the referee was as to the amount of the claims of Arts, and also whether the liens which he asserted on the bankrupt's property were valid. It was held that the case was a "proceeding in bankruptcy," and not a "controversy arising in bankruptcy proceedings." The court said: "It is true that Arts asserted both a debt and a lien to secure the same. In such cases the procedure as to the debt or claim governs, with incidental right to consider and determine the validity and priority of the lien asserted upon the property in the hands of the bankrupt's trustee."

In the case of In re Hartzell, 209 F. 775, 126 C. C. A. 499 (affirmed in Moody v. Bank, 239 U. S. 374, 36 S. Ct. 111, 60 L. Ed. 336), this court used the following language: "The following conclusions may be drawn from the decisions of the Supreme Court: The presentation for allowance of a demand against a bankrupt's estate is a step in bankruptcy proceedings as to which appeal is specially provided by section 25. If both a demand and a lien to secure it be presented at the same time, the procedure for the former dominates, the lien goes along as an incident, and the double presentation is also regarded as a step in the bankruptcy proceeding. To this effect are Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, and In re Loving, 224 U. S. 183, 32 S. Ct. 446, 56 L. Ed. 725. Of Hutchinson v. Otis, 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179, sometimes carelessly cited, the court said in Coder v. Arts: 'The contest in the Otis Case, as in this, was over the claim presented, and, incidentally, to estab-

lish a lien upon the bankrupt's estate.'" See, also, Barton L. & B. Co. v. Prewitt, 231 F. 919 (C. C. A. 8), 146 C. C. A. 115; In re Breyer Printing Co., 216 F. 878, 133 C. C. A. 82; In re Streator Metal Stamping Co., 205 F. 280, 123 C. C. A. 444; In re Thompson (C. C. A.) 264 F. 913.

In Taylor v. Voss, 46 S. Ct. 461, 70 L. Ed. 889, the Supreme Court again exhaustively considered the distinction between "proceedings in bankruptcy" and "controversies arising in bankruptcy proceedings," and clearly pointed out the proper method to be pursued to obtain review. In its opinion, the court, speaking by Mr. Justice Sanford, said:

"It is now settled by the decisions of this court, that the 'controversies arising in bankruptcy proceedings' referred to in section 24a, include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. * * * In such 'controversies' the decrees of the court of bankruptcy may be reviewed by appeals which bring up the whole matter and open both the facts and the law for consideration. * * *

"On the other hand, the 'proceedings' in bankruptcy referred to in section 24b are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. Matter of Loving, 224 U. S. 183, 189, 32 S. Ct. 446, 56 L. Ed. 725 [727]. In such administrative matters—as to which the courts of bankruptcy proceed in a summary way in the final settlement and distribution of the estate, U. S. Fidelity Co. v. Bray, 225 U. S. 205, 218, 32 S. Ct. 630, 56 L. Ed. 1055, 1062—their orders and decrees may be reviewed by petitions for revision which bring up questions of law only. Duryea Power Co. v. Sternbergh [218 U. S. 299, supra, 302, 31 S. Ct. 25, 54 L. Ed. 1048].

"It thus appears that the essential distinction between the different methods provided for reviewing the orders and decrees of the courts of bankruptcy is that 'controversies' in bankruptcy proceedings, arising between the trustee representing the bankrupt and his creditors on the one side, and adverse claimants on the other, affecting the extent of the estate to be distributed, may be reviewed both as to fact and law; while 'proceedings' in bankruptcy, affecting merely the administration and distribution of the estate, may be reviewed in matter of law only, except as to the three classes of such 'proceedings' enumerated in section 25a, as to which a short right of appeal is given, both as to fact and law."

Reviewing the case of In re Loving, the court said: "* * * It is clear that its effect must be limited, as a controlling authority, to the holding that when the ten days had expired within which the special appeal might have been taken under section 25a, bringing up both the facts and the law, the trustee could not thereafter, by abandoning his contention of fact, obtain by a petition for revision a review of the question of law which he might have obtained by an appeal taken within the prescribed time, and thereby extend, as to the question of law, the time within which he was entitled to obtain a review of the order."

[7] We think it follows from the foregoing cases: (1) That section 24a has no application to appeals in "proceedings in bankruptcy," but relates solely to appeals in "controversies arising in bankruptcy proceedings"; (2) review of "proceedings in bankruptcy" can be had only under section 25a bringing up questions of law and fact, or under section 24b, bringing up questions of law alone; (3) that resort cannot be had to section 24b for the purpose of extending the 10-day limit provided in section 25a.

In the case at bar the matter for consideration and determination in the trial court was the amount of the claim on account of taxes assessed on the lands of the bankrupt, and incidentally the validity of the asserted liens. The questions involved were between the bankrupt and his creditors—presented in the ordinary course of the administration of the bankrupt's estate. Applying the principles of the cases above cited to the facts disclosed, we conclude: (1) That the matter before the trial court and in which the order appealed from was made, was a "proceeding in bankruptcy," as distinguished from a "controversy arising in bankruptcy proceedings"; (2) that the present appeal was governed by the provisions of section 25a of the Bankruptcy Act, the case being one within the third class mentioned in that section; (3) that the appeal was not taken within the time limited; (4) that the motion to dismiss the appeal should be granted.

[8] We are also of the opinion that the appeal should be dismissed for the additional reason that no assignment of errors was filed as required by rule 11 of this court.

Appeal dismissed.